LAUREN I. SCHOLNICK (7776)
**STRINDBERG & SCHOLNICK, LLC**
675 East 2100 South, Suite 350
Salt Lake City, Utah 84106
   Telephone:  (801) 359-4169
   Facsimile:  (801) 359-4313
   lauren@utahjobjustice.com

KYLE R. NORDREHAUG (*Admitted pro hac vice*)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, CA  92037
  Telephone: (858) 551-1223
  Facsimile: (858) 551-1232
  kyle@bamlawca.com

*Attorneys for Plaintiffs Milton Harper,*
*Ronnie Stevenson and Jonathan Mitchell*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. ENGLAND., INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendant. | **PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**<br><br>Case No. 2:16-cv-00906-DB<br><br>Hearing Date: November 29, 2016<br>Hearing Time: 1:00 p.m.<br><br>Judge Dee Benson |

# **TABLE OF CONTENTS**

MOTION………………………………………………………………….…………..…2

STATEMENT OF PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS
FOR MOTION……………………………………………………………………...……2

I.  INTRODUCTION……………………………………………….…..……..3

II.  THE ATTORNEYS' FEES REQUESTED ARE FAIR AND
REASONABLE AND SHOULD BE APPROVED ……………….…..……4

    A.  The Agreement for the Payment of Fees and Expenses is
Appropriate and Should Be Enforced ……………….….….……4

III.  CLASS COUNSEL'S FEE AWARD IS PROPERLY CALCULATED
AS A PERCENTAGE OF THE TOTAL VALUE CREATED FOR
THE BENEFIT OF THE CLASS ……………………..……………..…….5

    A.  The Risks and Difficulties of the Case ……..…………………....6

    B.  The Skill Required …………………………………………....…..7

    C.  The Results Achieved …………………………………….………8

    D.  The Contingent Nature of the Fee…………………………………9

    E.  Awards in Similar Cases……………………………….…………9

IV.  CLASS COUNSEL'S COSTS WERE REASONABLY INCURRED……10

V.  THE SERVICE AWARDS SHOULD BE APPROVED …………….…10

VI.  CONCLUSION………………………………………….……………11

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**

## **TABLE OF AUTHORITIES**

*Blum v. Stenson*,
   465 U.S. 886 (1984)……………………………………………………4, 5

*Brinker Restaurant Corp. v. Superior Court*,
   53 Cal. 4th 1004 (2012)……………………………………………….7

*Brotherton v. Cleveland*,
   141 F.Supp.2d 907 (S.D.Ohio 2001)……………………………………11

*Brown v. Phillips Petroleum Co.*,
   838 F.2d 451 (10th Cir. 1988)…………………….…………….3, 6

*Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*,
   445 U.S. 326 (1980)……………………………………………………4, 5

*Evans v. Jeff D.*,
   475 U.S. 717 (1980)……………………………………………………4

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)……………………………………………………4

*In re Copley Pharmaceutical, Inc.*,
   1 F.Supp.2d 1407 (D. Wyo.1998)…………………………………….....4

*In re King Resources Co. Securities Litig.*,
   420 F.Supp. 610 (D. Colo. 1976)……………………………………8

*Gaskill v. Gordon*,
   160 F.3d 361 (7th Cir. 1998)…………………………………………...4

*Glass v. UBS Fin. Servs., Inc.*
   15 Wage & Hour Cas. 2d (BNA) 1330,
   2007 U.S. Dist. LEXIS 8476 (N.D. Cal. 2007)………………………….8, 11

*Great-West Life & Annuity Ins. Co. v. Clingenpeel*.
   996 F. Supp. 1348 (N.D. Okla. 1998)……………………………………….3

*Gottlieb v. Barry*,
   43 F.3d 474 (10th Cir 1994)……………………………………………3

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
   130 F.R.D. 366 (S.D. Ohio 1990)…………………………………….10

*In re Warner Communications Sec. Lit*,
   618 F.Supp. 735 (S.D. N.Y. 1985)…………………………………….....9

*Laffitte v. Robert Half Internat., Inc.*,
   1 Cal. 5th 480 (2016)…………..……………………………….…….....3

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**

*McKittrick v. Gardner*,
   378 F.2d 872 (4th Cir.1967)……………………………….………..9

*Rosenbaum v. MacAllister*,
   64 F.3d 1439 (1995)……………………………………………………5

*Sakkab v. Luxottica Retail N. Am., Inc.*,
   803 F.3d 425 (9th Cir. 2015)…………………………………………..7

*Steiner v. BOC Financial Corp.*,
   1980 U.S. Dist. LEXIS 14561 (S.D.N.Y. 1980)……………………….9

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993)………………………………………….3

*Van Vranken v. Atlantic Richfield Co.*,
   901 F.Supp. 294 (N.D. Cal. 1995)……………………………………10

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002)……………………………………...10

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**

-i-

Pursuant to DUCivR 7-1, Plaintiffs Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs"), by and through their undersigned counsel, submit the following Motion for Approval of Attorneys' Fees, Costs and Service Awards ("Motion"). The Motion is set for hearing before the Honorable Dee Benson in the United States District Court for the District of Utah on November 29, 2016 at 1:00 p.m.

### STATEMENT OF PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION

As this Court is aware, Plaintiffs and Defendant reached a full and final settlement of the above-captioned action in late August 2016, the terms of which are memorialized in the Joint Stipulation of Class Settlement and Release of Claims signed in September 2016 (the "Stipulation" or "Settlement").[1] This Court preliminary approved the Settlement on or about October 6, 2016. [Dkt. No. 29]. By this Motion, Plaintiffs now respectfully approval of the attorneys' fees, costs and service awards pursuant to the Stipulation. Specifically, Plaintiffs seek approval of attorneys' fees equal to 21.28% of the Settlement Payment, attorneys' costs in the amount of $14,361.98, and service awards of $7,500 for each Plaintiff.

This Motion is brought in accordance with the Court's Order dated October 6, 2016 [Dkt. No. 29]. Consistent with the Stipulation between the Parties, it is not opposed by Defendant. The Motion is based on the points and authorities set forth below, the accompanying Declaration of Kyle Nordrehaug, and upon all supplemental papers that Plaintiffs submit on or before November 21, 2016.

---

[1] A copy of the Stipulation is attached as <u>Exhibit 1</u> to the Declaration of Kyle Nordrehaug, served and filed herewith.

2

**I.      INTRODUCTION**

After a full-day of mediation before an experienced mediator of wage and hour class actions, Gig Kyriacou, Class Counsel successfully negotiated a Settlement with Defendant C.R. England, Inc. ("Defendant") which provides for a $2,350,000.00 non-reversionary common fund ("Settlement Payment"). As part of the settlement, the parties agreed to an award of attorneys' fees of not more than $500,000, which is 21.28% of the Settlement Payment. (Stipulation at ¶ VI.) Preliminary approval of the Class Settlement was granted on October 6, 2016. [Dkt. No. 29]. (Declaration of Nordrehaug at ¶3.)

The requested fee falls well below the fee award of 33.3% approved by the California Supreme Court in *Laffitte v. Robert Half Internat., Inc.*, 1 Cal. 5th 480 (2016), for similar wage and hour claims, and is also less than the established federal benchmark of 25% for common fund cases.[2] In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 455, n.2 (10th Cir. 1988), the Court noted a typical fee range of 23.7% to 33.7% of the common fund. Therefore, the fee request of 21.28% is undeniably reasonable under these standards.

Plaintiffs request that the Court approve payment of Class Counsel's litigation expenses in the amount of $14,361.98 in accordance with the Stipulation, which amount is less than the allocation provided by the Settlement. Finally, Plaintiffs also respectfully request that this Court approve payment of the agreed class representative service awards of $7,500 each to the named Plaintiffs.

---

[2] See also *Millsap v. McDonnell Douglas Corp.*, 2003 U.S. Dist. LEXIS 26223 (N.D. Ok 2003) ("The Court of Appeals for the Tenth Circuit has recognized 25% of the fund as the "benchmark" award in common fund cases."), citing *Gottlieb v. Barry*, 43 F.3d 474, 488 (10th Cir 1994), *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), and *Great-West Life & Annuity Ins. Co. v. Clingenpeel*. 996 F. Supp. 1348 (N.D. Okla. 1998).

## II. THE ATTORNEYS' FEES REQUESTED ARE FAIR AND REASONABLE AND SHOULD BE APPROVED

In defining a reasonable fee, the Court should mimic the marketplace for cases involving a significant contingent risk such as this one. Given the unique reliance of our legal system on private litigants to enforce substantive provisions of law in class actions, attorneys providing these substantial benefits should be paid an award equal to the amount negotiated in private bargaining that takes place in the legal market place. *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338 (1980). "When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set. . . . The judge, in other words, is trying to mimic the market in legal services." *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *In re Copley Pharmaceutical, Inc.*, 1 F.Supp.2d 1407, 1411 (D. Wyo.1998) ("the percentage of the fund method better approximates the workings of the marketplace by focusing on the results achieved.").

### A. The Agreement for the Payment of Fees and Expenses is Appropriate and Should Be Enforced

The United States Supreme Court has ruled that the parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. See *Evans v. Jeff D.*, 475 U.S. 717, 734-35, 738, n.30 (1980). In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the Supreme Court held that negotiated, agreed-upon attorneys' fee provisions are the ideal towards which the parties should strive:

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee.

*Id.*

The United States Supreme Court has reemphasized this policy and further stressed that the trial court "has a responsibility to encourage agreement" on fees. *Blum v. Stenson*, 465 U.S.

4

886, 902 n.19 (1984). Here, as part of the Settlement, Defendant agreed to an award of 21.28% of the Settlement Payment for attorneys' fees. Such a fee is commensurate with what the market would provide for similar services and the Court therefore can most certainly enforce the agreement. As the United States Supreme Court has instructed:

> Given the unique reliance of our legal system on private litigants to enforce substantive provisions of law through class and derivative actions, attorneys providing the essential enforcement services must be provided incentives roughly comparable to those negotiated in the private bargaining that takes place in the legal marketplace, as it will otherwise be economic for defendants to increase injurious behavior.

*Deposit Guaranty Nat. Bank, supra*, 445 U.S. at 338.

Here, informed arms-length bargaining between experienced counsel for the Class and Defendant was clearly adversarial and arms-length as the amount was the result of a mediator's proposal. (Declaration of Nordrehaug at ¶5.) Such bargaining is obviously the best measure of the market for fees. The requested fee and cost award was bargained for during adversarial bargaining by counsel for each of the parties and fairly reflects the marketplace value of the services rendered by Class Counsel in this case. As a result, the fee agreed to by the parties should be approved.

### III. CLASS COUNSEL'S FEE AWARD IS PROPERLY CALCULATED AS A PERCENTAGE OF THE TOTAL VALUE CREATED FOR THE BENEFIT OF THE CLASS

Class Counsel seeks an attorney fee award for their successful prosecution and resolution of this action, calculated as 21.28% of the cash value of the common fund created by the Settlement. In *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court approved a "percentage of fund" as being an appropriate fee award. In *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (1995), the Tenth Circuit noted that it had expressed "a preference for the percentage of the fund method".

In cases such as this one, federal courts have long recognized that an appropriate method for determining the award of attorneys' fees is based on a percentage of the total value of benefits afforded to class members by the settlement. In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 455, n.2 (10th Cir. 1988), the Court noted a typical fee range of 23.7% to 33.7% of the common fund. The non-reversionary Settlement Payment is $2,350,000. Accordingly, Class Counsel requests attorneys' fees as properly calculated as a percentage (21.28%) of the common fund created for the benefit of the Class. (Stipulation at ¶ VI.) When this case was originally filed it was "inescapably contingent." Further, the result was by no means guaranteed. Effective prosecution of this case was founded upon the risky contingent investment of time and expense. Under these circumstances, an award that is below the accepted benchmark of 25% is undoubtedly reasonable.

Here, the requested award is also supported by consideration of the factors in *Brown*, such as (a) the risk and difficulty of the case; (b) the skill required; (c) the contingent nature precluding other employment by the attorney; (d) the amount involved and the results obtained; (e) the experience, reputation, and ability of the attorneys; and (d) awards in similar cases.

### A.     The Risks and Difficulties of the Case

Here, a number of defenses asserted by Defendant presented serious threats to the claims of Plaintiffs and the other Class Members. For example, Defendant contended that the FLSA settlement in *Campbell v. C.R. England* extinguished the claims of many Class Members, and that the statutory safe harbor defense in California Labor Code § 226.2 would otherwise bar the Class Member claims. Moreover, Defendant argued that the state law claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). Defendant also asserted the existence of arbitration agreements containing enforceable class action waivers for 98% of the Class (and in fact produced orders from other lawsuits where individual arbitration

was compelled). Defendant further contended that Plaintiffs' claims cannot establish liability on the merits. While Plaintiffs believe that these defenses could be overcome, Defendant vigorously maintains that these defenses have merit and therefore present a serious risk to recovery. (Declaration of Nordrehaug at ¶6(e).)

In addition, there was also a significant risk that, if the Action was not settled and the class action waivers could somehow be overcome, Plaintiffs would still be unable to obtain class certification and thereby not recover on behalf of any employees other than themselves. At the time of the mediation, Defendant forcefully opposed the propriety of class certification, arguing that individual issues precluded class certification. Defendant cited many cases which found certification inapplicable under analogous facts. In addition, Defendant asserted the existence of class waivers signed by the class members which Defendant believed would be held to be enforceable by this Court. As such, class certification in this action would have been hotly disputed and was by no means a foregone conclusion. (Declaration of Nordrehaug at ¶6(f).)

### B. The Skill Required

Practice in the narrow areas of wage and hour and class action litigation requires skill, knowledge and experience in two distinct subsets of the law. Class Counsel must have expertise in both. The issues presented in this case required more than just a general appreciation of wage and hour law and class action procedure as this area of practice is still developing as evidenced by the California Supreme Court's ruling in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012), and the Ninth Circuit's ruling in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), in which Class Counsel was personally involved.

The Settlement was possible only because Class Counsel was able to convince Defendant that Plaintiffs could potentially prevail on the difficult legal issues regarding liability, achieve and maintain class certification, overcome difficulties in proof as to monetary relief and take the

7

case to trial. (Declaration of Nordrehaug at ¶6.) The high quality of the Class Counsels' work in this case was mandated by the very vigorous and contentious defense presented by counsel for Defendants. See e.g. *In re King Resources Co. Securities Litig.*, 420 F.Supp. 610, 634 (D. Colo. 1976). Class Counsel was required to invest substantial time and resources in investigation, discovery and determination of potential damages and communicating with and responding to opposing counsel's and class members' requests, demands, and inquiries.

### C. The Results Achieved

Class Counsel obtained an excellent result in this case for the Class Members, which was enhanced by Class Counsel's extensive experience with these claims. The Settlement provides monetary benefits to the Class Members that are superior to those recovered in similar wage class actions because the claimants will all receive a substantial payment of their damages. As detailed in the motion for final approval, the Settlement in this case is clearly equal, if not far superior, to the one approved in *Jasper v. C.R. England*.

The Settlement is particularly advantageous to the Class Member because the proceeds will be distributed shortly as opposed to waiting additional years for a similar, or possibly, less favorable result. Class counsel should not be penalized for obtaining an excellent and early recovery for the Class. See e.g. *Glass v. UBS Fin. Servs.*, 15 Wage & Hour Cas. 2d (BNA) 1330, 2007 U.S. Dist. LEXIS 8476, *49 (N.D. Cal. 2007) (Ninth Circuit "did 'not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly'").

There is little question that the result achieved in this litigation is favorable. Class Members will receive hundreds of dollars as their share of the settlement. The average Class Member's recovery is a sum that exceeds most Class Member's expectations and an amount that will make a real impact on their lives.

### D. The Contingent Nature of the Fee

There is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis. In this case, Class Counsel subjected themselves to this contingent fee risk wherein the necessity and financial burden of private enforcement makes the requested award appropriate. Counsel retained on a contingency fee basis, whether in private matters or in class action litigation, is entitled to a premium beyond their standard, hourly, non-contingent fee schedule in order to compensate for both the risks and the delay in payment. The simple fact is that despite the most vigorous and competent of efforts, success is never guaranteed. *McKittrick v. Gardner*, 378 F.2d 872, 875 (4th Cir.1967). Indeed, if counsel is not adequately compensated for the risks inherent in difficult class actions, competent attorneys will be discouraged from prosecuting similar cases. *Steiner v. BOC Financial Corp.*, 1980 U.S. Dist. LEXIS 14561 at *6- *7 (S.D.N.Y. 1980). Class Counsel has invested time and money into cases which ultimately generated no fee, which further emphasizes the need for contingent cases to provide premium compensation when successful.

Here, the contingent nature of the fee award, also warrants the requested fee award. As discussed above, attorneys' fees in this case were not only contingent but extremely risky, with a very real chance that Class Counsel would receive nothing at all for their efforts, having devoted time and advanced costs. (Declaration of Nordrehaug at ¶6(d)-(i).)

### E. Awards in Similar Cases

The attorneys' fees requested by Class Counsel are within the range of fees awarded in comparable cases. A review of class action settlements over the past 10 years shows that the courts have historically awarded fees in the range of 20% to 50%, depending upon the circumstances of the case. *In re Warner Communications Sec. Lit*, 618 F.Supp. 735, 749-50 (S.D. N.Y. 1985). Class Counsels' requested fees are 21.28% of the total value of the case, a

9

percentage well within the range of reasonableness given the excellent results obtained for the Class, the risks undertaken, and the skill of the prosecution.  See e.g. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-49 (9th Cir. 2002) (approving 28% attorneys fee award as reflecting "the standard contingency fee for similar cases").  In the accompanying Declaration of Nordrehaug, Class Counsel details how the requested award is far below what has been approved in similar cases.  (Declaration of Nordrehaug at ¶7.)

### IV.　CLASS COUNSEL'S COSTS WERE REASONABLY INCURRED

As part of the agreement, the parties agreed that Class Counsel shall be entitled to recoup "litigation costs and expenses not to exceed Twenty-Five Thousand Dollars ($25,000.00) as per Class Counsel's billing statement."  (Stipulation at ¶ VI.)  Class Counsel requests reimbursement for expenses and costs in the amount of $14,361.98, which is less than the $25,000 cost allocation in the Settlement.  These litigation expenses are detailed in the Declaration of Nordrehaug at ¶ 8.

### V.　THE SERVICE AWARDS SHOULD BE APPROVED

Plaintiffs respectfully submit that for their service as the Class Representatives, Plaintiffs should be awarded $7,500 each as the agreed service awards.  Defendant has agreed to the payment of these service payments. (Stipulation at ¶ VI.)

As the representatives of the Class, Plaintiffs performed their duties to the Class admirably and without exception. The involvement of the Plaintiffs is detailed in Declaration of Nordrehaug at ¶ 9.   The payment of service awards to successful class representatives is appropriate and the amount of $7,500 is far below the amount awarded in other cases. See e.g. *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299-300 (N.D. Cal. 1995); (incentive award of $50,000); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366 (S.D. Ohio 1990); (two incentive awards of $ 55,000, and three incentive awards of $ 35,000);

*Brotherton v. Cleveland*, 141 F.Supp.2d 907, 913-14 (S.D.Ohio 2001) (granting a $50,000 service award); *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 at *51-*52 (N.D.Cal. 2007) (awarding $100,000 divided among four plaintiffs in wages class action); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)(affirming $25,000 service award to class representative in ERISA case).

These service payments compensate the Plaintiffs for their effort and risk in bringing this case to benefit other employees in light of the total settlement equaling $2,350,000. Plaintiffs' efforts in the lawsuit have conferred a very substantial benefit the Class Members. Accordingly, Plaintiffs respectfully request that the Court approve the requested payments.

## VI.  CONCLUSION

Class Counsel's fee request is well below within the range for fee requests approved by Federal courts. Moreover, Class Counsel undertook risks on a contingent fee basis and achieved an excellent result for the benefit of Class Members. Based on the foregoing, Class Counsel respectfully request approval of the award of attorneys' fees equal to 21.28% of the value of the settlement, reimbursement of litigations costs, and the Plaintiff's service payments. It should be noted that Class Counsel will finish the prosecution of this action including the disbursement of funds, final accounting and defense of an appeal, if any, without a subsequent attorneys' fee request.

Respectfully submitted,

Dated: November 1, 2016    **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   /s/ Kyle Nordrehaug
Kyle Nordrehaug (*Admitted pro hac vice*)

**STRINDBERG & SCHOLNICK, LLC**
Lauren I. Scholnick

*Attorneys for Plaintiffs Milton Harper,
Ronnie Stevenson and Jonathan Mitchel*

11