LAUREN I. SCHOLNICK (7776)
**STRINDBERG & SCHOLNICK, LLC**
675 East 2100 South, Suite 350
Salt Lake City, Utah 84106
  Telephone:  (801) 359-4169
  Facsimile:  (801) 359-4313
  lauren@utahjobjustice.com

KYLE R. NORDREHAUG (*Admitted pro hac vice*)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, CA  92037
  Telephone: (858) 551-1223
  Facsimile: (858) 551-1232
  kyle@bamlawca.com

*Attorneys for Plaintiffs Milton Harper,*
*Ronnie Stevenson and Jonathan Mitchell*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. ENGLAND., INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendant. | **DECLARATION OF KYLE NORDREHAUG IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**<br><br>Case No. 2:16-cv-00906-DB<br><br>Hearing Date: November 29, 2016<br>Hearing Time: 1:00 p.m.<br><br>Judge Dee Benson |

I, Kyle Nordrehaug, declare as follows:

1.      I am a partner of the law firm of Blumenthal, Nordrehaug & Bhowmik, counsel of record for Plaintiffs and Class Counsel in this matter.  As such, I am fully familiar with the facts, pleadings and history of this matter.  I am submitting this declaration in support of Plaintiffs' motion for an award of attorneys' fees in connection with services rendered in the above-entitled action and the reimbursement of expenses incurred in the course of this litigation.  The following facts are within my own personal knowledge, and if called as a witness, I could and would testify competently to the matters stated herein.

2.      Over the course of the litigation during the year, a number of attorneys in my firm have worked on this matter.  Their credentials are reflected in the Blumenthal, Nordrehaug & Bhowmik firm resume, a true and correct copy of which is attached hereto as Exhibit #2.  Some of the major cases our firm has undertaken are also set forth in Exhibit #2.  The bulk of the attorneys involved in this matter at Blumenthal, Nordrehaug & Bhowmik have had extensive litigation experience, much of it in the area of class actions, unfair business practices and other complex litigation.  The attorneys at my firm also have extensive experience in cases involving labor code violations and wage and hour claims.  My firm has been approved as qualified class counsel in state and federal courts throughout California.  We have litigated similar cases against other employers.  It is this level of experience which enabled the firm to undertake the instant matter and to successfully combat the resources of the defendants and their capable and experienced counsel.

3.      Summary of the Proposed Settlement.

A true and correct copy of the Stipulation of Class Settlement and Release of Claims signed in September 2016 (the "Stipulation" or "Settlement") is attached hereto as Exhibit #1.

After a full-day of mediation before an experienced mediator of wage and hour class actions, Gig Kyriacou, Class Counsel successfully negotiated a Settlement with Defendant C.R. England, Inc. ("Defendant") which provides for a $2,350,000.00 non-reversionary common fund ("Settlement Payment"). As part of the settlement, the parties agreed to an award of attorneys' fees of not more than $500,000, which is 21.28% of the Settlement Payment. (Stipulation at ¶ VI.) Preliminary approval of the Class Settlement was granted on October 6, 2016. [Dkt. No. 29].

       4.    <u>The outcome of this case would have been uncertain and fraught with risks.</u>

      (a) The complexities and duration of further litigation cannot be overstated. Defendant asserted substantial and real defenses to this action. Even if Plaintiffs successfully obtained class certification and prevailed at trial, there is little doubt that Defendants would post a bond and appeal in the event of an adverse judgment. A post-judgment appeal by Defendants would have required many more years to resolve, assuming the judgment was affirmed. If the judgment was not affirmed in total, then the case could have dragged on for years after the appeal. The benefits of a guaranteed recovery today, of the very remedy that Plaintiffs would seek at trial, outweigh an uncertain result three or more years in the future.

      (b) Both the Plaintiffs and Class Counsel recognize the expense and length of a trial in this action against Defendants through possible appeals which could take at least another three years. Class Counsel also have taken into account the uncertain outcome and risk of litigation, especially in complex actions such as this Action. Class Counsel are also mindful of and recognize the inherent problems of proof under, and alleged defenses to, the claims asserted in the Action. Moreover, post-trial motions and appeals would have been inevitable. Costs would have mounted and recovery would have been delayed if not denied, thereby reducing the benefits of an ultimate victory. Plaintiffs and Class Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class and each of the Class Members. Based

upon their evaluation, Plaintiffs and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interest of the Class.

**The Attorneys' Fees Requested Are Fair and Reasonable and Should Be Approved**

    5.    <u>The Agreement For The Payment of Fees and Expenses Should Is Appropriate And Should Be Enforced</u>

        (a)   Here, as part of the Settlement, Defendants agreed to an award of 21.28% of the settlement amount for attorneys' fees.  Such a fee is commensurate with what the market would provide for similar services and the Court therefore can most certainly enforce the agreement.

        (b)  In the class action context, that means "attempting to award the fee that informed private bargaining, if it were truly possible, might have reached."  Here, informed arms-length bargaining between experienced counsel for the Class and Defendants resulted in Defendants bargaining an attorneys' fee award that 21.28% of the fund, which is well below the accepted range for fees.  The bargaining was clearly adversarial and arms-length as the amount was the result of a mediator's proposal.  Such bargaining is obviously the best measure of the market for fees.  Moreover, fee awards in actions brought under the same or comparable statutes as this one have resulted in equivalent or even higher fees than the sum sought by Class Counsel herein, further reflecting the accurate market value of the award requested.

        (c)  The requested fee award, agreed to by the parties as part of the Stipulation, should be approved.  The requested fee award was bargained for during arms' length adversarial bargaining by counsel for each of the parties as part of the Settlement, and is equivalent to or less than sums awarded in other litigation.

    6.  <u>Class Counsel's Fee is Appropriate Under the Percentage of the Fund Method</u>

(a)   Here, as part of the Settlement, Defendant has agreed for Class Counsel to receive 21.28% of the $2,350,000 non-reversionary common fund for attorneys' fees, which equates to $500,000.  This settlement confers a significant pecuniary benefit on a class of individuals consisting of more than 6,000 Class Members.  Federal courts have long recognized that an appropriate method for determining the award of attorneys' fees is based on a percentage of the total value of benefits afforded to class members by the settlement.

(b)   Fee determinations in both common fund and statutory fee situations are incapable of mathematical precision because of the intangible factors that must be resolved in the court's discretion based on the circumstances of each particular case.  See, A. Conte, Attorney Fee Awards, 2nd Ed., § 207, at 44.  In determining an appropriate fee in a common fund case, a court must decide, based on the unique posture of each case, what percentage of the common fund would most reasonably compensate Class Counsel given the nature of the litigation and the performance of counsel.  Here, Class Counsel requests an attorneys' fee award of 21.28% of the common fund which is well below the accepted range for fee awards.  Class Counsel's fee request represents an amount that is therefore reasonable.

(c)   In defining a reasonable fee, the Court's should mimic the marketplace.  A review of class action settlements over the past 10 years shows that the courts have historically awarded fees in the range of 20% to 50%, depending upon the circumstances of the case.  Class Counsels' requested fees are 21.28% of the total value of the Settlement, a percentage well within the range of reasonableness given the excellent results obtained for the Class, the risks undertaken, and the skill of the prosecution.  As a result, a fee which is at the low end of the benchmark for common fund cases therefore mimics the marketplace because this was the amount negotiated in arms-length adversarial negotiations between opposing counsel who deal in the market place and subject themselves to market forces on a daily basis.   More importantly, such a fee award is within the common range of other fees in similar class settlements.

(d)   There is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis.  The attorney being paid by the hour can go to the bank with his fee.  The attorney working on a contingent basis can only log hours while working without pay towards a result that will hopefully entitle him to a market place contingent fee taking into account the risk and other factors of the undertaking.  Otherwise, the contingent fee attorney receives *nothing*.  Class Counsel subjected themselves to this contingent fee market risk in this all or nothing contingent fee case wherein the necessity and financial burden of private enforcement makes the requested award of 21.28% of the settlement fund value appropriate.  The contingent fee practices of Class Counsel do not accommodate the investment of unnecessary time in a case.  This case was litigated on a contingent basis with all of the concomitant risk factors inherent in such an uncertain undertaking.  On account of the concerted and dedicated effort this case demanded in order to properly handle and prosecute, Class Counsel were precluded from taking other cases, and in fact, had to turn away or refer meritorious fee generating cases.

(e)   At the time this case was brought, the result was far from certain.  Defendant's practice at issue here had been in place for years.  Defendants' practice at issue here had been in place for years.  Defendants' numerous defenses to the case created difficulties with proof and complex legal issues for Class Counsel to overcome.  Here, a number of defenses asserted by Defendant presented serious threats to the claims of Plaintiffs and the other Class Members.  For example, Defendant contended that the FLSA settlement in *Campbell v. C.R. England* extinguished the claims of many Class Members, and that the statutory safe harbor defense in California Labor Code § 226.2 would otherwise bar the Class Member claims.  Moreover, Defendant argued that the state law claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").  Defendant also asserted the existence of arbitration agreements containing enforceable class action waivers for 98% of the Class (and in fact

produced orders from other lawsuits where individual arbitration was compelled).  Defendant further contended that Plaintiffs' claims cannot establish liability on the merits.  While Plaintiffs believe that these defenses could be overcome, Defendant vigorously maintains that these defenses have merit and therefore present a serious risk to recovery.

(f)  There was also a significant risk that, if the Action was not settled and the class action waivers could somehow be overcome, Plaintiffs would still be unable to obtain class certification and thereby not recover on behalf of any employees other than themselves.  At the time of the mediation, Defendant forcefully opposed the propriety of class certification, arguing that individual issues precluded class certification.  Defendant cited many cases which found certification inapplicable under analogous facts.  In addition, Defendant asserted the existence of class waivers signed by the class members which Defendant believed would be held to be enforceable by this Court.  As such, class certification in this action would have been hotly disputed and was by no means a foregone conclusion.

(g)  The Settlement was possible only because Class Counsel was able to convince Defendant that Class Counsel could potentially prevail on the legal issues regarding the unpaid wages, obtain class certification for all the employees, and overcome difficulties in proof as to monetary relief.  In successfully navigating these hurdles so as to convince Defendants to settle, Class Counsel displayed skills consistent with those that might be expected of attorneys of comparable experience.  Here, Class Counsel was pursuing a difficult and risky claim where previous actions had failed to establish liability for wages, failed to obtain class certification and/or failed to obtain monetary recovery for these employees.

(h)  In successfully overcoming these obstacles, Class Counsel displayed extraordinary skills.  The high quality of the Class Counsels' work in this case was mandated by the vigorous and experienced counsel for Defendant.  Class Counsel was required to invest substantial time and resources in investigation and determination of potential damages and communicating with and responding to opposing counsel's and class members' requests, demands, and inquiries.  The contingent fee practices of Class Counsel do not accommodate the investment of unnecessary time in a case.  This case was litigated on a contingent basis with all of the concomitant risk factors inherent in such an uncertain undertaking.  Class Counsel, who were responsible for the work on this case, is a small firms consisting of only a few attorneys.   On account of the concerted and dedicated effort this case demanded in order to properly handle and prosecute, Class Counsel were precluded from taking other cases.

(i)  Class Counsel were required to advance all costs in this litigation.  Especially in this type of litigation where the corporate defendants and their attorneys are well funded, this can prove to be very expensive and risky.  Accordingly, because the risk of advancing costs in this type of litigation can be significant, it is therefore cost prohibitive to many attorneys.  The financial burdens undertaken by Plaintiffs and Class Counsel in prosecuting this action on behalf of the Class were very substantial. To date, Class Counsel advanced more than $14,000 in costs which could not have been recovered if this case had been lost.  Plaintiffs undertook the risk of liability for Defendants' costs and fees had this case not succeeded, as well as other potential negative financial ramifications from having come forward to sue Defendants on behalf of the Class.

7.     In similar actions involving wage and hour class actions, fee requests of 30% or more are routinely awarded.  See e.g., *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, *17 (N.D. Cal. Feb. 2, 2009) ("'nearly all common fund awards range around 30%'")

(quoting *In re Activision Sec. Litigation*, 723 F.Supp. 1373 (N.D. Cal. 1989); *Ingalls v. Hallmark Mktg. Corp.*, 2009 U.S. Dist. LEXIS 131078 (C.D. Cal. Oct. 16, 2009) (awarding 33.33% fee on a $ 5.6 million wage and hour class action); *Birch v. Office Depot, Inc.*, 2007 U.S. Dist. LEXIS 102747 (S.D. Cal. Sept. 28, 2007) (awarding a 40% fee on a $ 16 million wage and hour class action); *Rippee v. Boston Mkt. Corp.*, 2006 U.S. Dist. LEXIS 101136 (S.D. Cal. Oct. 10, 2006) (awarding a 40% fee on a $3.75 million wage and hour class action); *Stuart v. Radioshack Corp.*, 2010 U.S. Dist. LEXIS 92067, *15-18 (N.D. Cal. Aug. 9, 2010) (awarding attorneys' fees amounting to one-third of a $4.5 million settlement in a Section 2802 inter-storing class action); *Bond v. Ferguson Enterprises, Inc.*, 2011 U.S. Dist. LEXIS 70390, *28-29, 36 (E.D. Cal. June 29, 2011) (awarding attorney's fees amounting to 30% of a $2.25 million settlement in a meal break class action); *Romero v. Producers Dairy Foods, Inc.*, 2007 U.S. Dist. LEXIS 86270, *4, 10 (E.D. Cal. Nov. 13, 2007) (awarding 33% of common fund).  Some of the class action awards obtained by Class Counsel herein in similar employment actions bear out the reasonableness of a fee award equivalent to 33% of the total settlement value:  On April 4, 20111, in *Keshishzadeh v. Arthur J. Gallagher*, (USDC Southern District Case No. 90-cv-0168-LAB), the Honorable Larry A. Burns awarded a 30% fee request to Class Counsel in a wage and hour class action.  On October 27, 2010, in *Lane v. Stewart Title Co.* (Fresno County Superior Court Case No. 07 CE CG 01735 AMC), the Honorable Jeffrey Hamilton, Jr. awarded a 30% fee request to Class Counsel in a wage and hour  class action.  In *McPhail et al. v. First Command Financial Planning*, (U.S.D.C. Southern District of California, Case No. 05cv0179), Chief Judge Irma Gonzalez, awarded a 30% fee request in a class action settlement.  *McPhail v. First Command*, 2009 U.S. Dist. LEXIS 26544, at *20-21 (S.D. Cal. 2009).  On January 24, 2014, in *Schulz v. Qualxserv*, (U.S.D.C. Southern District of California, Case No. 3:09-cv-00017), District Judge Anthony Battaglia awarded a fee equal to 1/3 of the common fund.  On January 23, 2013, in

8

*Classic Party Rental Wage & Hour Cases* (Los Angeles Superior Court, Case No. JCCP4672), the Honorable Elihu M. Berle awarded a 30% fee request to Class Counsel in a wage and hour class action.  On January 28, 2015, in *4G Wireless Wage and Hour Cases* (Orange Country Superior Court, Case No. JCCP4736), the Honorable Gail A. Andler awarded a 33.33% fee request to Class Counsel in a wage and hour class action.

8.      As part of the agreement, the parties agreed that Class Counsel shall be entitled to recoup "litigation costs and expenses not to exceed Twenty-Five Thousand Dollars ($25,000.00) as per Class Counsel's billing statement."  (Stipulation at ¶ VI.)  Class Counsel requests reimbursement for expenses and costs in the amount of $14,361.98, which is less than the $25,000 cost allocation in the Settlement.  These litigation expenses are detailed in the Statement of Account attached hereto as <u>Exhibit #3</u>.[1]  These expenses primarily involve the costs incurred for expert witness fees, mediation fees, and filing fees, and also include the amounts paid for travel, document copying fees, legal research charges, and delivery charges, all of which are costs normally billed to and paid by the client. These costs were reasonably incurred in the prosecution of this matter.

9.      In addition, Plaintiffs seek an award of $7,500 each as the agreed Class Representative service payments.  Defendant has agreed to the payment of these service payments to the named Plaintiffs.  (Stipulation at ¶ VI.)  As the representatives of the Class, Plaintiffs performed their duties to the Class admirably and without exception. Plaintiffs provided valuable information and document from their employment were instrumental in Class Counsel's understanding of the case.  Plaintiffs provided Class Counsel with evidence for use at

---

[1] The Statement of Account details expenses in the amount of $13,704.02, however, the expense of $143 to Strindberg & Scholnick has been deducted as this represents attorney work, and the amount of $802.96 has been added for travel expenses to attend the final approval hearing.  Class Counsel will bring a final accounting to the final approval hearing.

mediation and litigation.  The Plaintiffs also responded to numerous requests and correspondence from Class Counsel.  Finally, the Plaintiffs were involved in the settlement negotiations and provided invaluable assistance and information which ultimately resulted in the settlement benefitting the Class.  Plaintiffs also assumed the risk, among other things, that they might possibly be liable for costs incurred in connection with this case.  Plaintiffs have also risked being "blacklisted" by other future employers for having sued Defendant in a class action.  Without Plaintiffs' support, cooperation and information, no other fellow employees would be receiving any benefit.  These service payments are to compensate the Plaintiffs for their effort and risk in bringing this case to benefit other employees in light of the total settlement equaling $2,350,000.

10.     As a result, Class Counsel respectfully requests the Court grant Class Counsel's request for attorneys' fees and costs in the amount of 33% of the common fund, service payments of $7,500 each to the Plaintiffs, and a litigation expense award in the amount of $14,361.98, based upon the Agreement.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of November, 2016, at San Diego, California.


 /s/ Kyle Nordrehaug
Kyle Nordrehaug

**<u>EXHIBIT #1</u>**

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
KYLE R. NORDREHAUG (State Bar No. 205975)
(admitted *pro hac vice*)
kyle@bamlawca.com
2255 Calle Clara
La Jolla, California 92037
Telephone: 858-551-1223
Facsimile: 858-551-1232

Attorneys for Plaintiffs and the Class

**THEODORA ORINGHER PC**
DREW R. HANSEN (State Bar No. 218382)
(admitted *pro hac vice*)
dhansen@tocounsel.com
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for Defendant
C.R. ENGLAND, INC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. ENGLAND, INC., a Corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:16-cv-00906<br><br>**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS** |

Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of Class Settlement and Release of Claims (the "Stipulation" or "Settlement") is made and entered into by and among Plaintiffs Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs" or "Class Representatives"), in their individual capacity and on behalf of the putative class as defined below, and Defendant C.R. England, Inc. ("Defendant").  Plaintiffs and Defendant are jointly referred to in this Stipulation as the "Parties."  This Stipulation is subject to the approval of the Court and is made for the sole purpose of consummating the settlement of this Action on a class-wide basis subject to the following terms and conditions.  As detailed below, in the event the Court does not enter an order granting final approval of the Settlement or the conditions precedent are not met for any reason, this Stipulation shall be null and void and shall be of no force or effect whatsoever in any proceeding of any kind.

## I.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the proposed Class Representatives Milton Harper, Ronnie Stevenson, and Jonathan Mitchell (for themselves individually and on behalf of all of the Participating Class Members), and Defendant, with the assistance of their respective counsel, that, as among the Settling Parties, the Action, the Plaintiffs' Released Claims, the Claims Released By Participating Class Members, and Class Counsel's Released Claims (as these capitalized terms are defined herein) shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties (including the Plaintiffs and Participating Class Members), upon and subject to the terms and conditions of this Stipulation.

## II.   DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings specified below.  To the extent terms or phrases used in this Stipulation are not

specifically defined below, but are defined elsewhere in this Stipulation, they are incorporated by reference into this definition section.

A.    "Action" means the putative class action entitled *Milton Harper et al. vs. C.R. England, Inc.,* Case No. 2:12-cv-00906-DBP, now pending in the United States District Court for the District of Utah.  The action was originally filed in San Bernardino County Superior Court as Case No. CIVDS1401299, timely removed to the Central District of California by Defendant, and promptly transferred to United States District Court for the District of Utah pursuant to mandatory forum selection clauses agreed to by the Parties.

B.    "Settlement Administrator" means the third-party claims administration firm jointly selected by the Parties and approved by the Court.

C.    "CAFA Notice" shall mean the notice of this Stipulation required to be sent by Defendant to the appropriate federal and state agencies as required by 28 U.S.C. § 1715(b).

D.    "Claims" means all state and federal claims, causes of action, and forms of relief that have been asserted, or that could have been asserted, based on or arising from the facts or allegations alleged in any of the Complaints in the Action, whether in an individual, class, collective, or representative capacity, including, but not necessarily limited to, all claims, causes of action, and relief alleged or that could have been alleged based on or arising out of the facts or allegations set forth in the operative Second Amended Complaint.  The Claims thus include, but are not limited to, all claims, causes of action, and associated relief regarding minimum wages, regular and straight time wages, overtime wages, hourly wages, piece-rate wages, wages for all time worked, wages for all miles driven, wages for both driving and non-driving time, wages for rest and recovery periods and all other non-productive time, and all other forms of wages of any kind whatsoever, off-the-clock work, payment of all wages owed each pay period, payment of all wages owed upon termination or cessation of employment, meal periods, rest periods, wage statements,

pay records, employment and personnel records, business expenses of any kind (e.g.,
cell phones), deductions of any kind (e.g., charges associated with any Class
Members' attendance at the Premier Truck Driving School or third party school),
waiting time penalties, civil penalties, any other penalties, premium compensation,
misrepresentation, misclassification (i.e., exempt v. non-exempt), fraud, usury,
interest, damages, liquidated damages, statutory damages, punitive damages,
restitution, disgorgement, injunctive and declaratory relief, and attorneys' fees and
costs, as well as claims under the California Private Attorneys General Act of 2004
("PAGA") and under the California Business & Professions Code §§ 16600 and
17200 et seq., and any other claims, causes of action, relief or remedies that were
asserted or that could have been asserted, based upon or arising out of the facts and
allegations actually pleaded in the Second Amended Complaint.  Without in any way
limiting the nature of the foregoing, the Claims include all claims not known or
suspected to exist, against Defendant under state, federal or local wage and hour
laws or regulations, including all of the statutes, regulations, rules, and wage orders
expressly referenced in the Second Amended Complaint along with any additional
statutes, regulations, rules, and wage orders that could have been asserted arising out
of the facts and allegations actually pleaded in any of the Complaints, including, but
not limited to, claims based, in whole or in part, on California Labor Code §§ 200
through 204, 204b, 204.2, 206, 206.5, 208, 210, 212, 216, 218, 218.5, 218.6, 221
through 224, 225.5, 226, 226.2, 226.3, 226.6, 226.7, 229, 256, 432, 432.5, 450, 451,
510, 512, 551, 552, 558, 970, 971, 972, 1174, 1174.5, 1175, 1182.11, 1182.12,
1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2800, 2802 through 2804, 2810.5,
2698 et seq., and 2699, Wage Order No. 9-2001 as well as any prior iteration or
version of that wage order, California Civil Code §§ 1912 *et. seq.*, 3287, and 3289,
California Code of Civil Procedure § 1021.5, California Business & Professions
Code Sections §§ 16600 and 17200 et seq., title 8 of the California Code of
Regulations § 11090, and claims arising under the Fair Labor Standards Act, 29

U.S.C. §§ 201 et seq.

E.      "Class" means all current and former truck drivers employed by Defendant in the State of California during the Class Period (defined in Paragraph I below).  The Class thus includes employee truck drivers of any kind who worked for Defendant in the State of California during the Class Period, including, but not limited to, drivers, truck drivers, truck workers, industrial truck workers, industrial truck drivers, Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any other similar job designation or description that involved driving a truck for Defendant.

F.      "Class Counsel" means the law firm of Blumenthal, Nordrehaug, & Bhowmik.

G.      "Class Member" means a member of the Class, including Plaintiffs and all absent class members.

H.      "Class Notice" means the notice of the settlement contemplated by this Stipulation of the Fairness Hearing that is to be sent to Class Members after the Court grants preliminary approval of the Settlement, substantially in the form attached to this Stipulation as Exhibit A.

I.      "Class Period" means the period of time beginning on and including March 12, 2014 and continuing up through sixty (60) days after this Stipulation is signed by all Parties or the Preliminary Approval Date, whichever date is earlier.[1]

J.      "Class Representatives" means Milton Harper, Ronnie Stevenson, and Jonathan Mitchell, who are the named Plaintiffs and proposed Class Representatives in this Action.

K.      "Complaints" shall collectively mean the original Complaint filed in this Action on February 1, 2016, the First Amended Complaint filed on April 12, 2016,

---

[1] The Class Period only goes back to March 12, 2014 because the claims of Class Members prior to that date are barred by a previous class action settlement that Defendant entered into with its California truck driver employees in a case entitled *Jasper et al. v. C.R. England, Inc. et al.*, Central District of California Case No. 2:08-CV-05266 GW-CW.

and the operative Second Amended Complaint filed on July 11, 2016.

L.      "Counsel for Defendant" means the law firms of Theodora Oringher PC and Ray, Quinney & Nebeker PC.

M.     "Court" means the United States District Court for the District of Utah.

N.      "Day" or "days" means calendar days unless specifically stated otherwise in this Stipulation.

O.      "Defendant" shall mean C.R. England, Inc.

P.      "Effective Date of the Settlement" shall be when the Settlement is considered Final.  For purposes of the Settlement, "Final" means (i) in the event there are no objectors to the Settlement, sixty (60) days after the Court issues an order finally approving the Settlement; or, (ii) in the event that one or more timely objections has/have been filed and not withdrawn, then upon the passage of the applicable date for an objector to seek appellate review of the District Court's order of final approval of the Settlement, without a timely appeal having been filed; or, (iii) in the event that a timely appeal of the Court's order of final approval has been filed, then the Settlement shall be final when the applicable court has rendered a final decision or opinion affirming the Court's final approval without material modification, and the applicable date for seeking further appellate review has passed, or the date that any such Appeal has been either dismissed or withdrawn by the appellant.  Defendant will fund the settlement within fifteen (15) business days of the Final date.

Q.      "Election Not to Participate in Settlement" means the written and signed request by a Class Member through which a Class Member may elect to exclude himself or herself from the Settlement.

R.      "Fairness Hearing" means the hearing to be scheduled by the Court to consider the Parties' joint motion for entry of the Final Approval Order, Plaintiffs' motion for the Plaintiffs' Service Payment, Class Counsel's motion for attorneys' fees and costs, and any timely-filed objections by Class Members to any of the

foregoing.

S.     "Final Approval Order" means the Court's order granting final approval of the Settlement, which will constitute a "judgment" within the meaning of Federal Rule of Civil Procedure 58(a), substantially in the form attached to this Stipulation as Exhibit C.

T.     "Notice Materials" means the Class Notice substantially in the form attached to this Stipulation as Exhibit A.

U.     "Participating Class Member" means a Class Member who does not timely submit a valid Election Not to Participate in Settlement.

V.     "Parties" shall mean Plaintiffs and Defendant.

W.     "Plaintiffs" mean Milton Harper, Ronnie Stevenson, and Jonathan Mitchell, who are the named Plaintiffs in the Action and the Class Representatives.

X.     "Plaintiffs' Service Payment" means the service payment to be requested from the Court and, if awarded, paid to the Plaintiffs out of the QSF as compensation for their service to the Class, the risks incurred and their execution of a general release.

Y.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

Z.     "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, ordering the mailing of the Notice Materials and scheduling the Fairness Hearing, substantially in the form attached to this Stipulation as Exhibit B.

AA.    "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator for the Settlement Payment.

BB.    "Claims Released By Participating Class Members" shall mean the Claims and all rights under the California Civil Code section 1542 ("Section 1542") related to those Claims up through the end of the Class Period, as discussed in more detail in Section XXI.B below.

CC.   "Released Parties" shall mean C.R. England, Inc. and its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as their employees, officers, directors, agents, representatives, attorneys, insurers, partners, shareholders, representatives, joint venturers, owners, and successors and assigns of each.

DD.   "Settlement" shall mean the Settlement between the Parties, which is memorialized in this Stipulation.

EE.   "Settlement Payment" means the all in non-reversionary payment by Defendant of Two Million Three Hundred Fifty Thousand Dollars and No Cents ($2,350,000.00) to fund the QSF pursuant to this Stipulation.  The Settlement Payment will be the sole source and total payment by Defendant, under this Stipulation, to resolve all claims asserted in this Action, as well as any claims arising out of the same facts, allegations, transactions or occurrence occurring during the Class Period, including employee tax withholdings and the employer's share of payroll taxes on that portion of the Settlement Payment designated as wages.  This is not a "claims made" or "reversionary" Settlement, meaning no amount of the QSF shall revert to Defendant for any reason so long as the Settlement is approved and it becomes Final.  In addition, Participating Class Members will not need to submit a claim form to recover under this Settlement.  The QSF shall include all payments involved in effectuating the Settlement, including but not limited to: all Service Payments to the three named Plaintiffs, all attorneys' fees, costs and expenses of Class Counsel awarded by the Court, including all such fees and costs incurred in documenting the Settlement, and obtaining a dismissal of the Action; all employee and employer tax withholdings; all payments allocated to the LWDA in connection with PAGA; any credit that must be applied due to Defendant electing to make a payment under California Labor Code § 226.2(b); and all costs of settlement administration, in the amounts approved by the Court.  The remaining amount, which is all payments to Participating Class Members, is the "Net QSF."  The Parties and

their counsel agree that a portion of the QSF may be used by Defendant, at its sole option, to timely perfect the affirmative defense (a.k.a. safe harbor) set forth in California Labor Code Section 226.2(b).  This means that if Defendant so chooses, it can make payments directly to Class Members on or before December 15, 2016 in accordance with the requirements of California Labor Code § 226.2(b) and that any such payments along with any employer and employee tax withholdings (even if paid before preliminary approval or final approval of the Settlement) will be applied as a credit toward the Settlement Payment amount or QSF.

FF.  "Settlement Share" means each Participating Class Member's allocated share of the Net QSF as described in Section XIX below.

GG.  "Settling Parties" means the Released Parties (as defined above in Section II.CC) and the Class Representatives on behalf of themselves and all other Participating Class Members.

HH.  "Stipulation" shall mean this Joint Stipulation of Class Action Settlement and Release of Claims, including Exhibits A, B, and C.

## III.      RECITALS

A.  Plaintiff Milton Harper has worked for Defendant in California since December of 2012 as a truck driver and is a current employee of Defendant. Plaintiff Ronnie Stevenson worked for Defendant in California from October of 2013 to October of 2014 and worked for Defendant between March of 2015 and July of 2016 as a truck driver employee.  Plaintiff Jonathan Mitchell has worked for Defendant in California since July of 2013 as a truck driver employee and is a current employee of Defendant.  As truck drivers, Plaintiffs' allege their work requires the performance of manual labor consisting of driving Defendant's trucks and transporting goods.  In performing these duties, Plaintiffs allege they do not utilize any independent discretion, judgment, or management decisions with respect to matters of significance.  As a result, Plaintiffs allege, among other things, that they were and are entitled to be paid minimum wages, regular wages, straight time wages,

and overtime wages, entitled to accurate wage statements in accordance with the California Labor Code, and meal and rest periods as required by California law. Plaintiffs further allege they were paid a piece-rate for each mile driven during a portion of the time they were employed as truck drivers for Defendant. Plaintiffs allege they were not provided with minimum wages, regular wages, straight wages, and overtime wages for all their non-production (i.e., non-driving) work time. Plaintiffs likewise allege they were not paid for all time worked and all miles driven. Plaintiffs also allege they did not receive paid rest breaks as required by California law. Plaintiffs further allege that Defendant fails to provide Plaintiffs with the legally required thirty (30) minute uninterrupted meal periods prior to their fifth (5th) hour of work as well as a second meal period prior to their tenth (10th) hour of work. Plaintiffs also allege Defendant failed to pay Plaintiffs the correct amount of compensation because allegedly Defendant established an illegal pay practice of paying Plaintiffs on a piece-rate basis when delivering loads at the locations assigned by Defendant and as such fails to pay minimum wages for all compensable time worked. On February 1, 2016 Plaintiffs filed a lawsuit in the Superior Court of the State of California, County of San Bernardino on behalf of themselves and a putative class. The Class consists of all individuals who are or were previously employed by Defendant as truck driver employees from March 12, 2014 up through sixty (60) days after the effective date of this Stipulation or the Preliminary Approval Date, whichever date is earlier ("Class Period"). The original Complaint was amended on April 12, 2016 and then amended for a second time on July 11, 2016.

     B.    In their Second Amended Complaint, Plaintiffs have alleged, among other things, the following claims and alleged violations against Defendant: (1) Unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (3) failure to pay regular wages, straight time wages, and overtime wages under the California Labor Code, applicable Wage

Order, and corresponding regulations; (4) failure to provide accurate itemized wage statements; (5) failure to maintain copies of accurate itemized wage statements; (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) unlawful deductions in violation of the California Labor Code; (8) failure to provide meal periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations;     (9) failure to provide rest periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (10) failure to timely pay wages due in violation of California Labor Code §§ 201-203 *et seq.*; (11) failure to pay all wages owed on regularly scheduled paydays in violation of California Labor Code §§ 204 *et seq.*; (12) misrepresentation in violation of California Labor Code §§ 970 through  972 *et seq.*; (13) usury, and; (14) failure to comply with the Private Attorneys' General Act of 2004 (i.e., California Labor Code § 2698 *et seq.*).  The Complaints seek, *inter alia*, unpaid wages of all types, damages, penalties, civil penalties, liquidated damages, statutory damages, punitive damages, restitution, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, and any other equitable or legal relief allegedly due and owing to Plaintiffs and the other Class Members by virtue of the foregoing claims.  Defendant vigorously denies and continues to deny all of the material allegations asserted in the Action, and denies that it has violated any wage and hour law or wage payment or any other law or obligation of any kind to Plaintiffs or any of the Class Members.

C.     On August 19, 2016, the Parties participated in a good-faith, arms-length mediation presided over by Gig Kyriacou.  Mediator Kyriacou continued to negotiate with the parties over the entire day and was ultimately able to reach a settlement between the Parties after making a mediator's proposal, the principal terms of which were memorialized by the Parties in a binding Memorandum of Understanding agreed to on August 19, 2016.  Based on those negotiations and arms-length settlement discussions between the Parties, the Parties agreed to settle

the Action on the terms and conditions set forth in this Stipulation.

D.     In the course of litigating the Action, Defendant provided payroll and employment data and other information regarding the Class Members to Plaintiffs and Class Counsel.  The information provided to Class Counsel by Defendant consisted of gigabytes of data and more than eleven thousand pages of materials. Defendant also provided Plaintiffs with their entire personnel files, various employee policies, procedures, and manuals, exemplar wage statements, earnings and other compensation materials, information about the Premier Truck Driving School and third party schools, the settlement agreements in two prior wage and hour class actions, multiple arbitration agreements containing class action waivers, various employment contracts, and numerous other documents and information.

E.     Based on that data, and their own independent investigation and evaluation, Class Counsel has thoroughly analyzed the value of the Class Members' claims during the prosecution of this Action.  This discovery, investigation, and prosecution has included, among other things: (a) multiple conferences with Plaintiffs' counsel; (b) inspection and analysis of the documents and materials produced by Defendant; (c) analysis of the various legal positions taken and defenses raised by Defendant; (d) investigation into the viability of class treatment of the claims asserted in the Action, including, but not limited to, recent federal court case law denying class certification in a case involving a trucking company; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims asserted in the Complaints and the potential defenses thereto; (g) the exchange of information through informal discovery; and (h) assembling data for calculating damages, including retaining an expert for this calculation.

F.     The discovery conducted in this matter, as well as discussions between counsel, have been adequate to give the Class Representatives and Class Counsel a sound understanding of the merits of their positions and to evaluate the worth of the claims of the Class Members in light of Defendant's many defenses to them.  The

discovery conducted in this Action and the information exchanged by the Parties through discovery and mediation are sufficient to reliably assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.  As a result, the Parties hereto agree and represent to the Court that the Settlement is fair and reasonable.

G.     Throughout the course of this Action, the Parties have engaged in formal and informal settlement discussions.  Specifically, the Parties engaged in mediation before Gig Kyriacou, Esq.  After a full day of negotiations and extensive arms-length bargaining, the Parties reached an agreement in principle to settle the Action following a mediator's proposal.

H.     The Class Representatives and Class Counsel believe that the claims, causes of action, allegations and contentions asserted in the Action have merit. However, the Class Representatives and Class Counsel recognize and acknowledge the many risks, expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendant through trial and through appeals.  Class Counsel has taken into account the uncertain outcome and the risk of any litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of maintaining the Action as a class action.  Class Counsel is mindful of the inherent problems of proof under, and possible defenses to, the claims alleged in the Action. Class Counsel believes that the Settlement set forth in this Stipulation confers substantial benefits upon Plaintiffs and the Participating Class Members and that an independent review of this Stipulation by the Court in the approval process will confirm this conclusion.  Based on their own independent investigation and evaluation, Class Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Class Members.

I.      Defendant has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs and all putative class members in the Action. Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendant contends that it complied in good faith with California wage and hour employment laws, did not misrepresent anything, and never charged anybody a usurious interest rate. Defendant further denies that, for any purpose other than settling this Action, these claims are appropriate for class, collective, or representative treatment of any kind. Nonetheless, Defendant has concluded that further conduct of the Action would be protracted and expensive and that it is desirable for economic reasons that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience and distraction, to dispose of burdensome and protracted litigation, and to permit the operation of Defendant's business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action.  Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.  Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Parties have agreed to the terms set forth herein without in any way acknowledging fault or liability.  Therefore, nothing in this Settlement Agreement shall be deemed or used as an admission of liability, fault or wrongdoing by Defendant or as an admission that a class, representative, or collective action should be certified or allowed to go forward, and shall not be used for any purpose other than for settlement purposes and to enforce its terms.

J.      The Settlement set forth herein intends to achieve the following: (a) entry of an order approving the Settlement and granting the monetary and other

relief set forth in this Stipulation to the Plaintiffs and Participating Class Members; (b) entry of judgment and dismissal with prejudice of the Action; and (c) the release and discharge of Defendant and all other Released Parties, and each of them, from liability for any and all of the released Claims as set forth in more detail in Section XXI below.

K.      Class Counsel and Plaintiffs are of the opinion that the Stipulation is fair, reasonable, and adequate and is in the best interest of the Class in light of, among other things, all known facts and circumstances, including the risk of significant delay, the size of the class, the substantial monetary benefits provided by the Settlement to Plaintiffs and the Participating Class Members, the defenses asserted by Defendant as to both class action certification and the merits of the claims, and potential appellate issues.

L.      It is therefore the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in the Action or that could have been asserted in the Action as more fully set forth herein.  In order to achieve a full and complete release of the Released Parties, the Participating Class Members, by and through the Class Representatives, acknowledge that this Stipulation is intended to include and resolve all Claims that were pled in the Action as well as those Claims that could have been pled in the Action based upon the factual allegations of any of the Complaints, and as more fully set forth in Sections XXI below.

M.      This Stipulation represents a compromise of highly disputed claims. Nothing in this Stipulation is intended to, or may be construed as, an admission by Defendant or any of the other Released Parties that the claims in the Action have merit or that any of them has any liability to Plaintiffs or any Class Member on those claims or any other claim, which Defendant and the Released Parties deny.  By entering into this Settlement, Defendant and the Released Parties make no admission that they have engaged, or are now engaging, in any unlawful conduct.  The Parties

understand and acknowledge that this Stipulation is not an admission of liability and shall not be used or construed as such in any legal or administrative proceeding of any kind.  This Stipulation shall further never be treated as an admission of liability by Defendant or any Released Party for any purpose whatsoever.

## IV.      CONDITIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

A.      For purposes of this Stipulation and subject to the Court's approval, the Parties hereby stipulate that a Class defined as all individuals who are or were previously employed by Defendant as Truck Driver employees in California from and including March 12, 2014 up through sixty (60) days after this Stipulation is signed by all Parties or the Preliminary Approval Date, whichever date is earlier, may be conditionally certified for settlement purposes only.  If the Court grants preliminary approval of this Settlement, Defendant will prepare a list identifying all Class Members and provide the names and contact information of the individuals to the Settlement Administrator within ten (10) days from the Preliminary Approval Date.

B.      For purposes of this Stipulation and subject to the Court's approval, the Parties hereby stipulate to the appointment of Class Counsel as counsel for the Class and the effectuation of the Settlement pursuant to this Stipulation.

C.      For purposes of this Stipulation and subject to the Court's approval, the Parties hereby stipulate to the appointment of Plaintiffs as the Class Representatives for the Class.

## V.       SETTLEMENT CONSIDERATION

A.      The Settlement Payment made by Defendant shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (a) all claims released by Plaintiffs and the Participating Class Members as described herein; (b) Class Counsel's claims for attorney fees and expenses; (c) the Settlement

Administrator's expenses; (d) the LWDA payment; and, (e) any other obligation of Defendant under this Stipulation.

B.      Each Participating Class Member, including Plaintiffs, shall receive a payment based on a formula calculated in accordance with Section XIX below.

C.      For the purpose of calculating applicable taxes for the payment of the individual Settlement Shares to each Participating Class Member (including any payment made to Plaintiffs but excluding Plaintiffs' Service Payment), the Parties agree for settlement purposes only that the Settlement Shares will be characterized as 20% wages and 80% interest, penalties, and reimbursements.  Defendant shall not be separately responsible for payroll tax payments on any portion of the 1099 aspects of the Settlement Payment relating to penalties and interest.

D.      Neither the Settlement nor any amounts paid under it will modify any previously credited hours, days, or weeks of service under any employee benefit plan, policy or bonus program sponsored by Defendant.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies or bonus programs. The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Defendant's benefit plan, policy or bonus program.  Defendant retains the right to modify the language of its benefits plans, policies and bonus programs to effect this intent and to make clear that any amounts paid pursuant to this Stipulation are not for "weeks worked," "weeks paid," "weeks of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation.  Defendant does not consider the Settlement payments "compensation" for purposes of determining eligibility for, or benefit

accrual within, any benefit plans, policies, or bonus programs, or any other plan sponsored by Defendant.

## VI.   ATTORNEY FEES, COSTS, AND EXPENSES OF CLASS COUNSEL; PLAINTIFFS' SERVICE PAYMENT

As part of the motion for final approval of the Settlement, Class Counsel may submit an application for an award of attorney fees in an amount not to exceed Five Hundred Thousand Dollars ($500,000.00), which is approximately 21.28% of the QSF, to be heard by the Court at the Fairness Hearing.  Class Counsel may also submit an application for an award of litigation costs and expenses not to exceed Twenty-Five Thousand Dollars ($25,000.00) as per Class Counsel's billing statement, and Class Representatives' enhancements not to exceed Seven Thousand Five Hundred Dollars ($7,500.00) for each Class Representative, which shall all be paid out of the Settlement Payment.  As a condition of this Settlement, Class Counsel have agreed to pursue their fees, costs, and expenses only in the manner reflected by this Stipulation, and Defendant agrees that the requested amounts for attorney fees, costs, expenses, and Plaintiffs' Service Payments are reasonable and that it will not oppose such requests in connection with the Settlement.  Any fees, costs, and expenses awarded by the Court to Class Counsel shall be paid to Class Counsel from the QSF and shall not constitute payment to any Participating Class Member, and any amount awarded by the Court to Plaintiffs as a service award shall be paid to the Class Representatives from the QSF.  For purposes of this Settlement, Defendant and its counsel will not oppose an award of attorneys' fees in the amount of no more than Five Hundred Thousand Dollars ($500,000.00), and actual costs of up to Twenty-Five Thousand Dollars ($25,000.00) according to proof, in amounts approved by the Court.  Defendant will issue to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs.  Any court order awarding less than the amounts set forth in this paragraph to Class Counsel shall not be grounds to cancel the Settlement.  Unapproved amounts shall be reallocated among the Class Members

who did not opt out of this Settlement.  Subject to Court approval, the named Plaintiffs will each receive $7,500 in addition to any payment they are otherwise entitled to as Participating Class Members.  This Service Payment recognizes the role the named Plaintiffs have served in creating the QSF and is in exchange for a general release of their individual claims against Defendant, excepting claims for workers compensation benefits, unemployment, insurance, and accrued benefit such as vacation, paid time off, 401k, ERISA, and SDI.  Any court order awarding the Class Representative Plaintiffs less than the full amount of the Service Payment shall not be grounds to cancel the Settlement Agreement.  Unapproved amounts shall be reallocated among the Class Members who did not opt out of this Settlement.

**VII.       SETTLEMENT ADMINISTRATION COSTS AND EXPENSES**

A.      All costs and expenses due the Settlement Administrator in connection with its administration of the Settlement, including, but not limited to, providing the Class Notice and other Notice Materials, locating Class Members, processing Elections Not to Participate in Settlement, and administering and distributing settlement payments to the Participating Class Members shall be paid from the QSF.

**VIII.      DUTIES OF THE PARTIES TO SEEK COURT APPROVAL**

A.      As soon as possible after the execution of this Stipulation, and after first providing a draft to Counsel for Defendant at least seven (7) days before filing, Plaintiffs will file a stipulated or unopposed motion with the Court requesting entry of the Preliminary Approval Order, including the following terms:

1.      For settlement purposes only, and without reaching any determination as to the manageability at trial of the Action, conditionally certifying the Class as an opt-out class.

2.      Preliminarily approving the settlement as set forth in the Stipulation.

3.      Scheduling the Fairness Hearing to consider: (1) whether the settlement as set forth in the Stipulation should be finally

approved as fair, reasonable, and adequate as to the Participating
Class Members; (2) whether the Court should grant Plaintiffs'
unopposed request for the Plaintiffs' Service Payments;
(3) whether the Court should grant Class Counsel's unopposed
request for attorneys' fees and costs; (4) whether the Court
should grant the unopposed request to pay the LWDA
$30,000.00; and (5) whether the Court should grant the request to
pay the Settlement Administrator the amount requested.

4.   Approving as to form and content the Notice Materials and
setting deadlines for submission of Election Not to Participate in
Settlement and for the service and filing of objections to the
Settlement, and/or the motions for the Plaintiffs' Service
Payments as well as attorneys' fees and costs.

5.   Appointing a Settlement Administrator to exercise the duties
allocated to the Settlement Administrator below.

6.   Directing the Settlement Administrator to mail the Notice
Materials to the Class Members by first-class mail by the
deadline set forth below.

B.   Any disagreement among the Parties concerning the final forms of the
Notice Materials, or other documents necessary to implement the Stipulation, as well
as all other disputes regarding the Stipulation and its implementation, will be referred
to the mediator, Gig Kyriacou, for resolution if the Parties' good faith efforts to
resolve the disagreement have failed.

IX.   **CERTIFICATION OF THE CLASS FOR PURPOSES OF
SETTLEMENT ONLY**

A.   The Parties stipulate that the Second Amended Complaint that Plaintiffs
filed on July 11, 2016, shall be considered the operative complaint for purposes of
this Settlement.  The Parties further stipulate, for settlement purposes only, that the

Court may conditionally certify the Class, as defined in this Stipulation, as an opt-out class (the "Class Stipulation"). More specifically, the Parties agree as part of the Class Stipulation that, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Federal Rule of Civil Procedure 23(b)(3), which the Court need not address for purposes of the Settlement.

B.     The Class Stipulation is made solely for purposes of the Settlement. The Class Stipulation is in no way an admission that class action certification is proper under the more stringent litigation certification standard that requires a showing of, *inter alia*, manageability or that certification requirements would be established by further discovery, and neither this Stipulation nor the Class Stipulation will be admissible in this or any other action or proceeding as evidence that (i) the claims advanced in the Action, or any other class, collective, or representative action claims, should be certified or not decertified, or (ii) Defendant or any of the Released Parties are liable to Plaintiffs, the Class Members, or any other putative class, representative, or collective action members.

## X.        APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR

A.     Subject to the approval of the Court, the Parties have agreed to the appointment of a Settlement Administrator to perform the following duties in connection with administration of their settlement:  (i) using data provided by Defendant to prepare the Notice Materials; (ii) obtaining forwarding addresses for Class Members using appropriate methods, as described in Section XI.A.3 below; (iii) mailing the Notice Materials to Class Members; (iv) tracking non-delivered Notice Materials and taking reasonable steps to re-send them to Class Members' current addresses; (v) tracking and timely reporting to Class Counsel and Counsel for Defendant returned Election Not to Participate in Settlement forms; (vi) establishing the QSF; (vii) disbursing all amounts payable from the QSF to all

Participating Class Members without the need for them to file a claim form and handling all tax reporting; (viii) calculating the Settlement Shares; (ix) notifying Class Counsel and Counsel for Defendant of any Participating Class Members who have not cashed their Settlement Share checks by the deadline set forth below; and (x) handling the disbursement and tax reporting, if any, of amounts associated with uncashed checks.

B.     All disputes relating to the Settlement Administrator's performance of its duties, after good faith efforts by the Parties to first resolve such disputes, will be referred to the Court, if necessary, which will have continuing jurisdiction over this Stipulation until all payments and obligations contemplated by this Stipulation have been fully carried out.

## XI.        NOTICE OF THE SETTLEMENT

A.     Mailing the Notice Materials to the Class

1.     Within ten (10) days after the Court enters the Preliminary Approval Order, Defendant will provide to the Settlement Administrator a list of each Class Member's first name, last name, and middle initial, Social Security number, last known address, and the dates they were employed by Defendant in California during the Class Period (the "Class Data"). This list will be drawn from Defendant's payroll and human resources records and in a format acceptable to the Settlement Administrator. The Class Data provided to the Settlement Administrator will remain confidential and will not be used or disclosed to anyone, except as required to applicable tax authorities, pursuant to Defendant's express written consent, or by order of the Court.

2.     Within ten (10) days after Defendant provides the Class Data to the Settlement Administrator, the Settlement Administrator will

mail, by first-class mail, the Notice Materials to all Class Members at their last known addresses, unless modified by any updated address information that the Settlement Administrator obtains.

3.  The Settlement Administrator will use standard devices, including the National Change of Address database or equivalent, to obtain forwarding addresses prior to mailing and will use appropriate skip tracing for undeliverable Notice Materials to take appropriate steps to maximize the probability that the Notice Materials will be received by Class Members.

4.  If an individual not included in the Class Data provided to the Settlement Administrator later claims to be a Class Member, the Settlement Administrator shall obtain from said individual evidence of his or her claimed eligibility, which information will be provided to the Parties.  Defendant will verify the information provided by said individual, and make a good faith effort to resolve the issue with Class Counsel.  If the parties cannot agree, the Settlement Administrator shall decide whether the claimant shall be included in the Settlement, which decision shall be final but subject to review by the Court if requested by any Party.

B.  Election Not to Participate in Settlement

1.  Each Class Member will have thirty (30) days after the date on which the Settlement Administrator mails the Notice Materials to submit to the Settlement Administrator an Election Not to Participate in Settlement if they wish to be excluded from the Settlement.  An Election Not to Participate in Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and

postmarked by not later than the deadline for submission stated above; or (ii) delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.  To be valid, the Election Not to Participate in Settlement must comply with the procedure set forth in the Notice and must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Harper et al. v. C.R. England, Inc*.

2.    A Class Member who does not properly complete and timely submit a written Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the release of all Participating Class Members' Released Claims (defined below), if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement, and shall receive a Settlement Share payout.  Any Settlement Class Member who accepts any payments pursuant to the Settlement will be deemed to have opted in for purposes of the FLSA.

3.    A Class Member who properly and timely submits an Election Not to Participate in Settlement will not be bound by the Settlement, will not receive a Settlement Share, and will not have standing to object to: (i) the Settlement; (ii) the Class Representatives' motion for Plaintiffs' Service Payment; or (iii) Class Counsel's motion for attorneys' fees and costs; and

Defendant will retain all of their defenses to such Class Member's claims.

4.    No Election Not to Participate in Settlement will be honored if submitted late under the deadlines set forth above, unless Defendant consents to accepting the late submission.

C.    Objection to Settlement

1.    Each Class Member who does not timely submit an Election Not to Participate in Settlement will have thirty (30) days after the date on which the Settlement Administrator mails the Notice Materials to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant, and filing with the Court, a written objection to the Settlement, Plaintiffs' Service Payment, and/or Class Counsel's attorneys' fees and costs.  A Class Member who does not serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be precluded from making any objection to the Settlement, the Plaintiffs' motion for the Plaintiffs' Service Payment, or Class Counsel's motion for attorneys' fees and costs (whether by appeal or otherwise).

D.    Reports and Declaration by Settlement Administrator

1.    By no later than ten (10) days after expiration of the 30-day deadline for submission of Election Not to Participate in Settlement and objections to the Settlement, the Settlement Administrator will prepare and submit for filing in support of the Parties' motion for entry of the Final Approval Order a declaration attesting to its mailing of the Notice Materials, its receipt of valid Election Not to Participate in Settlement and its

inability to deliver the Notice Materials to Class Members due to invalid addresses, both of which shall be indicated by number of Class Members only.  Prior to the Fairness Hearing, the Settlement Administrator will prepare and submit for filing in support of the motion a supplemental declaration to provide updated and final figures.

**XII.    RIGHT TO RESCIND**

If 10% or more of the class members opt out of the Settlement, Defendant may, at its election, rescind the Settlement.  All actions taken in furtherance of the Settlement will be therefore null and void.  Defendant must exercise the right of rescission within fourteen (14) calendar days after the Settlement Administrator notifies the parties of the total number of opt outs.

**XIII.    NOTICE OF SETTLEMENT TO STATE AND FEDERAL OFFICIALS (CAFA AND PAGA NOTICES).**

Within ten (10) days of receiving notice of filing of a motion for preliminary approval of this Stipulation, Defendant shall serve the CAFA Notice of this Stipulation on the appropriate federal and state officials, as required by 28 U.S.C. § 1715(b).  In addition, Class Counsel shall timely and promptly serve any and all documents required to be provided in connection with a PAGA claim (*see, e.g.,* California Labor Code § 2699(l)) on the appropriate agent, division, or department of the State of California.

**XIV.    FINAL APPROVAL OF THE SETTLEMENT**

A.    Plaintiffs will file a motion with the Court requesting final approval of the Settlement and entry of the Final Approval Order by the deadline set by the Court, which, unless otherwise ordered by the Court, will be filed at least twenty-eight (28) days prior to the Fairness Hearing and posted immediately thereafter on Class Counsel's website.  Class Counsel will provide a draft of that motion to Counsel for Defendant for their review at least seven (7) days before the filing

1  deadline.

2      B.      No later than the date set for the mailing of the Notice Materials, the

3  Class Representatives, acting through Class Counsel, will file a motion requesting

4  the Plaintiffs' Service Payments in an amount not to exceed Seven Thousand Five

5  Hundred Dollars ($7,500.00) to each Plaintiff for their service, which may be posted

6  on Class Counsel's website and made accessible to the Class Members as set forth

7  in the Notice Materials.  Defendant will not oppose the motion, which shall be set

8  for hearing on the same date and time as the Fairness Hearing.  Any Plaintiffs'

9  Service Payments awarded by the Court will be paid out of the QSF; provided,

10 however, that no sums shall be due to any Plaintiff unless and until the Settlement

11 has become completely Final and the Effective Date of the Settlement has been

12 realized.  A denial by the Court of the Class Representatives' motion, in whole or in

13 part, or an award of a lesser amount than requested will not constitute a material

14 modification of this Stipulation or the Settlement.  Unapproved amounts shall be

15 reallocated among the Class Members who did not opt out of this Settlement.

16     C.      No later than the date set for the mailing of the Notice Materials, Class

17 Counsel will file a motion for attorneys' fees in an amount not to exceed Five

18 Hundred Thousand Dollars ($500,000.00) and costs in an amount not to exceed

19 Twenty-Five Thousand Dollars ($25,000.00), which may be posted on Class

20 Counsel's website and made accessible to the Class Members as set forth in the

21 Notice Materials.  Unless otherwise ordered by the Court, Class Counsel's motion

22 for attorneys' fees and costs shall be set for hearing on the same date and time as the

23 Fairness Hearing.  Defendant will not oppose the motion.  Any award of fees and

24 costs by the Court will be paid out of the QSF; provided, however, that no sums

25 shall be due to Class Counsel unless and until the Settlement has become completely

26 Final and the Effective Date of the Settlement has been realized.  A denial by the

27 Court of Class Counsel's motion, in whole or in part, or an award of a lesser amount

28 will not constitute a material modification of this Stipulation or the Settlement.  For

purposes of the Settlement, Defendant and its counsel will not oppose an award of attorneys' fees in the amount of no more than Five Hundred Thousand Dollars ($500,000.00), and actual costs of up to Twenty-Five Thousand Dollars ($25,000.00) according to proof, in amounts approved by the Court. Defendant will issue to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs. Any court order awarding less than the amounts set forth in this paragraph to Class Counsel shall not be grounds to cancel the Settlement. Unapproved amounts shall be reallocated among the class members who did not opt out of this Settlement.

D. The Parties will submit for entry by the Court, with their motion for final approval of the Settlement, a proposed Final Approval Order that includes the provisions set forth in Exhibit C hereto. Any modifications to the attached proposed Final Approval Order may be made only by mutual agreement of the Parties.

**XV.    NULLIFICATION OF THIS STIPULATION**

A. If (a) Defendant rescinds the Settlement pursuant to Section XII of this Stipulation, (b) the Court should for any reason decline to approve this Stipulation in the form agreed to by the Parties, or (c) the Court should for any reason fail to enter a judgment and dismissal with prejudice of the Action, then the Stipulation, Settlement, and conditional class certification will automatically become null and void (other than Sections XXII and XXIII below relating to confidentiality and the return of documents/data) without any act or deed by any Party and the terms and fact of this Stipulation (and of any act performed or document executed pursuant to or in furtherance of the Stipulation), the fact that the Parties stipulated to a Class for settlement purposes, and the fact that the Court granted certification of the Class for settlement purposes, will be inadmissible evidence in any subsequent proceeding in the Action or elsewhere. Put another way, neither the Settlement, class certification, nor any of the related negotiations or proceedings, shall be of any force or effect, and all parties to the Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court.

Notwithstanding the foregoing, the Parties may attempt in good faith to cure any perceived defects in the Stipulation to facilitate approval.

B.     A modification by the Court of Plaintiffs' Service Payments or of any award of attorneys' fees or costs to Class Counsel shall not constitute a nullification or invalidation of any material portion of the Settlement.

C.     In the event the Court declines to approve this Stipulation in the form agreed to by the Parties, the Parties will be equally responsible for all charges incurred by the Settlement Administrator as of the time the Settlement is disapproved or invalidated.  This paragraph shall not apply to the circumstance where the Settlement does not become effective because Defendant exercised its right to rescind.

D.     In the event Defendant exercises its right to rescind pursuant to Section XII, Defendant will be responsible for all charges incurred by the Settlement Administrator up to $10,000.00 as of the time the right to rescind is exercised.

## XVI.          WAIVER OF RIGHT TO APPEAL

Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement in all material respects (i.e. without modifications other than those declared above to not be "material"), Plaintiffs and all other Participating Class Members who did not timely submit an objection to the Settlement, Plaintiffs' Service Payment, and/or Class Counsel's attorneys' fees and costs, hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and/or appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new trial, or any extraordinary writ, and the Final Approval Order therefore will become final and non-appealable at the time it is entered.  This waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings.

## XVII.      REVERSAL OR MATERIAL MODIFICATION OF JUDGMENT ON APPEAL

A.      In the event of a timely appeal from the judgment and dismissal, the judgment shall be stayed, and the QSF shall not be distributed to Participating Class Members, Plaintiffs, or Class Counsel, and the actions required by this Stipulation shall not take place until all appeal rights have been exhausted by operation of law.

B.      If, after a notice of appeal or a petition for writ of *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Final Approval Order such that there is a material modification to the Settlement as set forth in this Stipulation, and that court's decision is not completely reversed and the Final Approval Order is not fully affirmed on review by a higher court, then the Parties will each have the right to void the Stipulation, which a Party must do by giving written notice to the other Parties, the reviewing court, and the Court no later than twenty-one (21) days after the reviewing court's decision vacating, reversing, or materially modifying the Final Approval Order becomes Final. A vacation, reversal, or modification of any Plaintiffs' Service Payment or of any award of attorneys' fees or costs to Class Counsel will not constitute a vacation, reversal, or material modification of the Final Approval Order.

## XVIII.      CREATION OF THE QUALIFIED SETTLEMENT FUND

Within fifteen (15) business days of the Effective Date of the Settlement, Defendant will cause the Settlement Payment to be wired to the QSF minus any credit that must be taken into account if Defendant has made payments to Class Members in connection with the safe harbor affirmative defense authorized by California Labor Code § 226.2(b).  The combination of this payment fifteen business days after the Effective Date of the Settlement along with any credit that must be factored in, if any, shall constitute the full amount of the Settlement Payment (i.e., Two Million Three Hundred Fifty Thousand Dollars ($2,350,000.00) and nothing more).  Put another way, the Settlement Payment is the maximum amount Defendant

is obligated to pay under this Stipulation (or otherwise in connection with this Action) and is inclusive of any Plaintiffs' Service Payments, Class Counsel's attorneys' fees and costs, the Settlement Shares, any credit that must be factored in due to Defendant electing to make a payment under California Labor Code § 226.2(b), all employee and employer tax withholdings, the payment to the LWDA in the amount of $30,000.00 for the LWDA's 75% share of Participating Class Members' PAGA penalty claims (the remaining 25% share shall be distributed as part of the Net QSF), and the Settlement Administrator's reasonable fees and expenses in administering the Settlement.

## XIX.  DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND

A.      The Parties and their counsel agree that a portion of the QSF may be used by Defendant, at its sole option, to timely perfect the affirmative defense (a.k.a. safe harbor) set forth in California Labor Code § 226.2(b).  This means that if Defendant so chooses, it can make payments directly to the Class Members on or before December 15, 2016 in accordance with the requirements of California Labor Code § 226.2(b), and that any such payments along with all employer and employee tax withholdings (even if paid before preliminary approval or final approval of the Settlement) will be applied as a credit toward the QSF.

B.      After the Final Approval Order becomes Final (i.e., on the Effective Date of the Settlement), the Settlement Administrator will distribute the proceeds of the QSF as follows:

1.      Within ten (10) days after it receives the amount of the Settlement Payment minus any credit that must be factored in (if any), the Settlement Administrator will make the following payments from the QSF:

a.      The Settlement Administrator may pay to itself its portion of the QSF for all services through the closing of the administration.

b.    To every Participating Class Member, which includes Plaintiffs, their Settlement Share, as calculated based on the formula in this Section XIX, that remains unpaid.

c.    To the appropriate state and federal tax agencies, all employee and employer taxes.

d.    To Class Counsel, any attorneys' fees and costs awarded by the Court, for which the Settlement Administrator will issue a Form 1099.  Class Counsel is responsible for all federal, state, and local tax filings and liabilities that may result from such payment and the Defendant shall bear no responsibility for such filings or liabilities.

e.    To the Plaintiffs, any Plaintiffs' Service Payments awarded by the Court, for which the Settlement Administrator will issue a Form 1099.  The Plaintiffs will be responsible for all federal, state, and local tax filings and liabilities that may result from such payment and the Defendant shall bear no responsibility for such filings or liabilities.

f.    To the LWDA, a payment of $30,000.00 for the LWDA's 75% of the Participating Class Members' PAGA penalty claims from a PAGA allocation of $40,000.00 of which the remaining $10,000.00 shall be paid proportionally to Participating Class Members out of the Net QSF.

2.    Each Participating Class Member's Settlement Share will be calculated as follows:

a.    The "Net QSF" will equal the balance of the QSF after deducting for the amount of all amounts necessary to effectuate the Settlement, including, but not necessarily limited to, attorneys' fees, costs and expenses, the

incentive/bonus or service award payments to the Class
Representative Plaintiffs, all employee and employer tax
withholdings, the payment allocated to the LWDA, and the
estimated costs of settlement administration, in the
amounts approved by the Court.  The Net QSF will be
available for distribution to Participating Class Members,
except to the extent the Defendant elects to make a
payment directly to Class Members under California Labor
Code § 226.2(b).  In making the distributions to the
Participating Class Members the Settlement Administrator
shall account for and give the necessary credit to any
payment made by Defendant under California Labor Code
§ 226.2(b) so as to correctly calculate and distribute the
Net QSF.

  b.  A Participating Class Member's Settlement Share will be
calculated as follows:  (1) calculating the total weeks
worked by all Participating Class Members based on the
Class Data (the "Total Work Weeks"); (2) dividing each
Participating Class Member's work weeks based on the
Class Data by the Total Work Weeks to determine his or
her proportionate share of the Net QSF (for each
Participating Class Member, the "Settlement Share
Proportion"); and (3) multiplying each Participating Class
Member's Settlement Share Proportion by the Net QSF.
To the extent an early payment is made to the Participating
Class Members as described in Section XIX.A above, the
early payment shall be credited to the QSF.

  3.  The Settlement Administrator will issue both a Form W-2 and

Form 1099 to each Participating Class Member, with 20% of each Settlement Share reported on the Form W-2 as claimed wages and the remaining 80% reported on the Form 1099 as claimed penalties, reimbursements, and interest.  The Participating Class Members are responsible for all federal, state, and local tax filings and liabilities that may result from such Settlement Share payments subject to reporting on a Form 1099, and the Defendant shall bear no responsibility for such filings or liabilities.

4.      Defendant makes no representations with respect to the taxability of any payments pursuant to this Settlement, and the Class Notice will advise Class Members to seek their own tax advice as necessary.

5.      Participating Class Members shall have 180 days to cash their settlement checks.  In the event that any checks mailed to Participating Class Members remain uncashed after the expiration of 180 days, or an envelope mailed to a Participating Class Members is returned and no forwarding address can be located for the Participating Class Member after reasonable efforts have been made, then any such unclaimed funds shall be paid to the appropriate California agency or department in the name of the Participating Class Member.  The receipt of funds under this Settlement will not entitle any Participating Class Member to additional compensation or benefits of any kind under any of Defendant's compensation or benefits plans, nor will it entitle any class member to any increased retirement or 401k plan benefits of any kind.  Class Members will participate in the Settlement and will be bound by its terms and release if they do

not opt-out as described more fully herein within thirty (30) days of the Settlement Administrator's mailing out of notices.  As a no-claims-made settlement, Class Members will not need to submit a claim form to participate in the Settlement.

6.      Should the Settlement Administrator need more time than is provided under this Stipulation to complete any of its obligations, the Settlement Administrator may request, in writing, such additional time (including an explanation of the need for additional time) from Counsel for Defendant and Class Counsel. If Counsel for Defendant and/or Class Counsel do not agree, in writing, to the Settlement Administrator's request for additional time, the Settlement Administrator, Class Counsel or Counsel for Defendant may seek such additional time from the Court.

## XX.      DISMISSAL WITH PREJUDICE OF THE ACTION.

As part of the consideration for this Settlement, the Action shall be dismissed with prejudice as of the Effective Date of the Settlement.  Notwithstanding the dismissal of the Action with prejudice, the Court shall retain jurisdiction to interpret and enforce this Stipulation.

## XXI.      RELEASE OF CLAIMS BY PLAINTIFFS, ALL OTHER PARTICIPATING CLASS MEMBERS, AND CLASS COUNSEL.

A.      **Plaintiffs' General Release of All Claims Against Defendant and all other Released Parties**:  In consideration of the unopposed motion for the Plaintiffs' Service Payment, payment of each Plaintiffs' Settlement Share, Plaintiffs' agreement not to opt out, and any other benefits provided to each Plaintiff as part of the Settlement, Plaintiffs, on behalf of themselves and their estates, executors, administrators, heirs and assigns, hereby release, discharge, and agree to hold harmless Defendant and any of its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as their employees,

officers, directors, agents, representatives, attorneys, insurers, partners, shareholders, representatives, joint venturers, owners, and successors and assigns of each (i.e., the Released Parties), from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description whatsoever, whether known or unknown, whether anticipated or unanticipated, arising on or before the end of the Class Period ("Plaintiffs' Released Claims"). Anything to the contrary notwithstanding, Plaintiffs do not release claims for workers' compensation benefits, unemployment insurance, and accrued benefits such as vacation, paid time off, 401k, ERISA, and SDI.  Without limiting the generality of the foregoing in any way, Plaintiffs' Released Claims include, but are not limited to, any and all claims, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, penalties, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity, which they may now have against Defendant or any of the other Released Parties, and each of them, as well as those claims that were or could have been asserted in the Action, including, but not limited to, any and all claims arising under the California Labor Code, Wage Order No. 9-2001, the Fair Labor Standards Act, the California Private Attorneys' General Act, the California Business & Professions Code, the claims alleged in any of the Complaints, and any and all other transactions, occurrences or matters between any of Plaintiffs and Defendant occurring up through and including the end of the Class Period.

Plaintiffs' Released Claims shall also include any and all claims against Defendant or any of the other Released Parties, and each of them, that occurred up through and including the end of the Class Period under the (a) Americans With Disabilities Act, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act, as amended; (f) the Fair Labor Standards Act, as amended; (g) the Equal Pay Act; (h) the Employee Retirement

Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act; (j) the Rehabilitation Act of 1973; (k) the Family and Medical Leave Act; (l) the Civil Rights Act of 1966; (m) the California Fair Employment and Housing Act; (n) the California Constitution; (o) the California Labor Code; (p) the California Government Code; (q) the California Civil Code; (r) the Utah Anti-discrimination Act; and (s) any and all other federal, state and local statutes, ordinances, regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local statutes, ordinances, regulations, rules, or laws.  This release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, bonuses, compensatory damages, overtime pay, minimum wages, straight time wages, regular wages, hourly pay, piece-rate pay, compensation for rest period and other non-productive time, premium pay, penalties, civil penalties, waiting time penalties, restitution, disgorgement, damages, tortious damages, liquidated damages, statutory damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and the Plaintiffs hereby forever release, discharge and agree to hold harmless Defendant and the Released Parties from any and all claims for attorney fees and costs arising out of the matters released in this Stipulation.  As two of the Class Representatives are current employees of Defendant, this general release shall in no event include acts occurring after the end of the Class Period.

Plaintiffs' Released Claims include all claims described above, whether known or unknown, by the releasing party.  Thus, even if Plaintiffs discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of Plaintiffs' Released Claims, those claims will remain released and forever barred.  Therefore, Plaintiffs expressly waive and relinquish the

provisions, rights and benefits of Section 1542 of the California Civil Code and any analogous law, statute, or rule.  Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs specifically acknowledge that they are aware of and familiar with the provisions of Section 1542 of the California Civil Code, and being aware of Section 1542, hereby expressly waive and relinquish all rights and benefits they may have under Section 1542 as well as any other statute or common law principle of a similar effect.  Upon entry of final judgment, Defendant shall be entitled to a general release of all claims from the three named Plaintiffs, excepting claims for workers' compensation benefits, unemployment insurance, and accrued benefits such as vacation, paid time off, 401k, ERISA, and SDI up through and including the end of the Class Period.

Plaintiffs also acknowledge that they are entitled to and have been given twenty-one (21) days to consider whether to accept the terms of the general release agreed to in this Stipulation.  If Plaintiffs execute this Stipulation before the expiration of the 21-day period, they do so voluntarily, upon the advice and with the approval of Class Counsel, and they expressly and voluntarily waive their right to consider the release for any remaining portion of that 21-day period.

Plaintiffs understand that, after executing this Stipulation, they have the right to revoke it within seven (7) days after execution.  Plaintiffs understand that this Stipulation will not become effective and enforceable unless and until the seven-day revocation period has passed.

Plaintiffs further agree that, to the extent permitted by law, if a claim is prosecuted in their name against any of the Released Parties, including Defendant,

before any court or administrative agency, they waive, and agree not to take, any award of money or other damages from such proceeding.  Plaintiffs agree that, unless otherwise compelled by law, if a claim is prosecuted in their name against Defendant or any of the other Released Parties that, upon a written request by Defendant's counsel, they will immediately request in writing that the claim on their behalf be withdrawn.

B.     **Participating Class Members' Release of Claims**:  Upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims (as that term is defined in Section II.D above) that have been asserted, or could have been asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Action ("Claims Released By Participating Class Members").

It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Claims Released By Participating Class Members as described in the preceding paragraph and Section II.BB above.  Each Participating Class Member waives, as to the released Claims only, all rights and benefits afforded by Section 1542 and does so understanding the significance of that waiver.  Section 1542 provides as follows:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if known
> by him or her must have materially affected his or her
> settlement with the debtor.

As such, the Participating Class Members understand and agree that they are providing Defendant and all of the other Released Parties, and each of them, with a

full and complete release with respect to the Claims Released By Participating Class Members.

Without limiting any of the foregoing, it is hereby stipulated that the Claims Released By Participating Class Members is intended to include, and does include, any and all claims and remedies asserted or sought or that could have been asserted or sought based on the facts or allegations pled in any of the Complaints in the Action that occurred during the Class Period.  Subject to the terms and conditions of this Stipulation and upon Final Approval of this Stipulation, all such claims and causes of action, damages, and other remedies (including but not limited to any wages of any kind, premium compensation, bonuses, penalties, civil penalties, waiting time penalties, damages, liquidated damages, statutory damages,  restitution, disgorgement, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, or any other equitable or legal relief of any kind) allegedly due and owing Participating Class Members by virtue of or related to any of the facts or allegations pled in any of the Complaints in the Action are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as to each and every Participating Class Member.

C.    **Class Counsel's Released Claims**.  In consideration of the unopposed motion for an award of attorneys' fees and costs to Class Counsel, Class Counsel hereby releases all claims, causes of action, demands, damages, costs, rights, and liabilities of every nature and description for reasonable attorneys' fees, costs, and expenses against Defendant and all of the other Released Parties arising from or related to the Action, the Plaintiffs' Released Claims, or the Claims Released By Participating Class Members except as awarded pursuant to this stipulation (the "Class Counsel's Released Claims").

**XXII.    CONFIDENTIALITY**

Other than necessary disclosures made to the Court, Plaintiffs and Class Counsel shall not directly or indirectly disclose the fact or the terms of the Settlement

to the media, the press, on any website, except that Class Counsel may post Court documents concerning the Settlement on Class Counsel's website without commentary, provided that if Plaintiffs or Class Counsel receive inquiries from the media, they may state only that the Action has been resolved on the terms set forth in the Stipulation that was publicly filed.  If Plaintiffs or Class Counsel are legally required to communicate about the Settlement with governmental authorities, they shall give Counsel for Defendant notice before any such communication occurs as early as is reasonably possible.

## XXIII.   USE AND RETURN OF DOCUMENTS

All originals, copies, and summaries of documents, presentations, and data provided to Plaintiffs and Class Counsel by Defendant in connection with the mediation or other settlement negotiations in this matter, including e-mail attachments containing such materials, may be used only with respect to this Stipulation, or any dispute between Class Members and Class Counsel regarding the Stipulation, and for no other purpose, and may not be used in any way that violates any existing agreement, statute, or rule.  Within twenty (20) days after the Final Approval Order becomes Final, Class Counsel will return or destroy all such materials and the return and destruction, as applicable, of all such materials shall include those that have been shared with experts and any other counsel representing Plaintiffs and any other Class Members.

## XXIV.   FULL COOPERATION

The Parties will fully cooperate and use reasonable efforts, including all efforts contemplated by this Stipulation and any other efforts that may become necessary or be ordered by the Court, or otherwise, to accomplish the terms of this Stipulation, including, but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Stipulation without material modifications and to implement its terms.

The Parties hereto agree to abide by all of the terms of the Settlement in good

faith and to support the Settlement fully and to use their best efforts to defend this Settlement from any legal challenge, whether by appeal or collateral attack.

**XXV.     DIFFERENT FACTS**

The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Stipulation may turn out to be other than or different from the facts now known by each party and/or its counsel, or believed by such party or counsel to be true, and each party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Stipulation shall be in all respects effective and binding despite such difference.

**XXVI.     NON-ADMISSION**

Nothing in this Stipulation shall be construed to be or deemed an admission by Defendant or of any of the other Released Parties of any liability, culpability, negligence, or wrongdoing toward the Class Representatives, the Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward the Class Representatives, the Class Members, or any other person.  Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.  Nothing herein shall constitute any admission by Defendant of wrongdoing or liability, or of the truth of any factual allegations in the Action.  Nothing herein shall constitute an admission by Defendant that the Action was properly brought as a class, collective or representative action other than for settlement purposes.  To the contrary, Defendant has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Action. To this end, the Settlement of the Action, the negotiation and execution of this Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on

the part of Defendant or of the truth of any of the factual allegations in the Complaints in the Action, and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration proceeding, or other tribunal of any kind.

**XXVII.      NO PRIOR ASSIGNMENTS**

The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Stipulation.

**XXVIII.      NON-RETALIATION**

Defendant understands and acknowledges that it has a legal obligation not to retaliate against any member of the Class who elects to participate in the Settlement or elects to opt-out of the Settlement.  Defendant will refer any inquiries regarding this Settlement to the Settlement Administrator or Class Counsel and will not discourage Class Members who are current employees, directly or indirectly, from opting out or objecting to the Settlement.

**XXIX.      ATTORNEY FEES, COSTS, AND EXPENSES.**

Except as otherwise specifically provided for herein, each Party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in, or arising out of, the Action and shall not seek reimbursement thereof from any other party to this Stipulation.

**XXX.      NOTICES**

Unless otherwise specifically provided by this Stipulation, all notices, demands or other communications given under this Stipulation will be in writing and be deemed to have been duly given as of the fifth business day after mailing by United States registered or certified mail, return-receipt requested, or as of the first

business day after deposit with an overnight delivery service, addressed as follows:

**To the Class Representatives and the Class:**

Kyle Nordrehaug
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

**To Defendants:**

Drew R. Hansen, Esq.
Theodora Oringher PC
535 Anton Boulevard, 9th Floor
Costa Mesa, CA  92626-7109

## XXXI.     CONSTRUCTION

This Stipulation is the result of lengthy, arms-length negotiations between the Parties.  This Stipulation will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation.

## XXXII.     CAPTIONS AND INTERPRETATIONS

Paragraph and section titles, headings or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation or any of its provisions.  Each term of this Stipulation is contractual and not merely a recital, except for those denominated as Recitals in Section III above.

## XXXIII.     MODIFICATION

This Stipulation may not be changed, altered or modified, except in writing and signed by the Parties or their representatives and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms as approved by the Court or by a writing signed by the Parties.

## XXXIV.     APPLICABLE LAW

All terms and conditions of this Stipulation and its Exhibits will be governed by and interpreted according to the laws of the State of California, without giving

1   effect to any conflict of law or choice of law principles.

2   **XXXV.    INTEGRATION CLAUSE**

3        This Stipulation and its Exhibits constitute the entire agreement between the

4   Parties and their respective counsel relating to the Settlement, this Stipulation and the

5   transactions contemplated thereby.  All prior or contemporaneous agreements,

6   understandings, representations, and statements, whether oral or written and whether

7   by a Party or a Party's counsel, are merged into and superseded by this Stipulation.

8   No rights under this Stipulation may be waived except in writing.

9   **XXXVI.    BINDING ON ASSIGNS**

10        This Stipulation will be binding upon and will inure to the benefit of the

11   Parties and their respective heirs, trustees, executors, administrators, successors and

12   assigns.

13   **XXXVII.   COUNTERPARTS**

14        This Stipulation may be executed in counterparts, by facsimile or electronic

15   signature, and when each Party has signed and delivered at least one such

16   counterpart, each counterpart will be deemed an original, and, when taken together

17   with other signed counterparts, will constitute one Stipulation, which will be binding

18   upon and effective as to all Parties, subject to Court approval.

19   **XXXVIII.  PARTICIPATING CLASS MEMBERS BOUND BY**

20   **           SETTLEMENT**

21        Because there are a sizeable number of Class Members, it is impossible or

22   impractical to have each Participating Class Member execute this Stipulation.  The

23   Notice Materials will inform all Class Members of the binding nature of the Claims

24   Released By Participating Class Members and it will have the same force and effect

25   as if this Stipulation were executed by each Participating Class Member.

26   **XXXIX.    PARTIES' AUTHORITY TO SIGN**

27        Each of the undersigned represents that he or she has the advice of counsel,

28   has authority to sign on behalf of his or her client, and understands that this

1   Settlement Agreement is final and binding, and subject only to the settlement process
2   and other terms set forth above.  In addition, the parties agree that any disputes
3   regarding the terms of the Settlement shall be referred to Mediator Gig Kyriacou for
4   resolution.

### EXECUTION BY PARTIES AND COUNSEL

6   The Parties and their counsel hereby execute this document to evidence their
7   acceptance of an agreement to the Stipulation.

9   Dated: September 26, 2016          By: _____
10                                        MILTON HARPER
                                          Plaintiff

12  Dated: September___, 2016          By: _____
13                                        RONNIE STEVENSON
                                          Plaintiff

14
15  Dated: September___, 2016          By: _____
16                                        JONATHAN MITCHELL
                                          Plaintiff

17  Dated: September___, 2016          C.R. ENGLAND, INC.
18

19                                     By: _____
20                                        T.J. ENGLAND

21  Dated: September 26, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK
22
23                                     By: _____
24                                        KYLE R. NORDREHAUG
                                          Attorneys for Plaintiffs and the Class

25  Dated: September___, 2016          THEODORA ORINGHER PC
26

27                                     By: _____
28                                        DREW R. HANSEN
                                          Attorneys for Defendant

Settlement Agreement is final and binding, and subject only to the settlement process and other terms set forth above. In addition, the parties agree that any disputes regarding the terms of the Settlement shall be referred to Mediator Gig Kyriacou for resolution.

## EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this document to evidence their acceptance of an agreement to the Stipulation.

Dated: September__, 2016        By:_____
                                MILTON HARPER
                                Plaintiff

Dated: September 23, 2016       By:_____
                                RONNIE STEVENSON
                                Plaintiff

Dated: September__, 2016        By:_____
                                JONATHAN MITCHELL
                                Plaintiff

Dated: September__, 2016        C.R. ENGLAND, INC.

                                By:_____
                                T.J. ENGLAND

Dated: September   , 2016       BLUMENTHAL, NORDREHAUG & BHOWMIK

                                By:_____
                                KYLE R. NORDREHAUG
                                Attorneys for Plaintiffs and the Class

Dated: September   , 2016       THEODORA ORINGHER PC

                                By:_____
                                DREW R. HANSEN
                                Attorneys for Defendant

1  Settlement Agreement is final and binding, and subject only to the settlement process
2  and other terms set forth above.  In addition, the parties agree that any disputes
3  regarding the terms of the Settlement shall be referred to Mediator Gig Kyriacou for
4  resolution.

5  ## EXECUTION BY PARTIES AND COUNSEL

6       The Parties and their counsel hereby execute this document to evidence their
7  acceptance of an agreement to the Stipulation.

8
9  Dated: September___, 2016        By:_____
10                                      MILTON HARPER
                                        Plaintiff
11
12 Dated: September___, 2016        By:_____
                                        RONNIE STEVENSON
13                                      Plaintiff

14 Dated: September 24, 2016        By:_____
15                                      JONATHAN MITCHELL
                                        Plaintiff
16
17 Dated: September___, 2016        C.R. ENGLAND, INC.
18
19                                  By:_____
                                        T.J. ENGLAND
20
21 Dated: September  , 2016         BLUMENTHAL, NORDREHAUG & BHOWMIK
22
23                                  By:_____
                                        KYLE R. NORDREHAUG
24                                      Attorneys for Plaintiffs and the Class

25 Dated: September   , 2016         THEODORA ORINGHER PC
26
27                                  By:_____
                                        DREW R. HANSEN
28                                      Attorneys for Defendant

                                     46                    Case No. 2:16-cv-00906

1   Settlement Agreement is final and binding, and subject only to the settlement process

2   and other terms set forth above.  In addition, the parties agree that any disputes

3   regarding the terms of the Settlement shall be referred to Mediator Gig Kyriacou for

4   resolution.

**EXECUTION BY PARTIES AND COUNSEL**

6           The Parties and their counsel hereby execute this document to evidence their

7   acceptance of an agreement to the Stipulation.

9   Dated:  September___, 2016          By:_____

10                                                    MILTON HARPER
                                                      Plaintiff

12  Dated:  September___, 2016          By:_____

                                                      RONNIE STEVENSON
                                                      Plaintiff

14  Dated:  September___, 2016          By:_____

15                                                    JONATHAN MITCHELL
                                                      Plaintiff

17  Dated: September 23, 2016           C.R. ENGLAND, INC.

19                                                    By:_____

20                                                    T.J ENGLAND

21  Dated:  September   , 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

23                                                    By:_____

                                                      KYLE R. NORDREHAUG
                                                      Attorneys for Plaintiffs and the Class

25   Dated:  September   , 2016          THEODORA ORINGHER PC

27                                                    By:_____

                                                      DREW R. HANSEN
                                                      Attorneys for Defendant

1  Settlement Agreement is final and binding, and subject only to the settlement process

2  and other terms set forth above.  In addition, the parties agree that any disputes

3  regarding the terms of the Settlement shall be referred to Mediator Gig Kyriacou for

4  resolution.

5              **<u>EXECUTION BY PARTIES AND COUNSEL</u>**

6         The Parties and their counsel hereby execute this document to evidence their

7  acceptance of an agreement to the Stipulation.

8

9  Dated: September__, 2016         By:_____
                                        MILTON HARPER
10                                       Plaintiff

11

12 Dated: September__, 2016         By:_____
                                        RONNIE STEVENSON
13                                       Plaintiff

14

15 Dated: September__, 2016         By:_____
                                        JONATHAN MITCHELL
16                                       Plaintiff

17 Dated: September__, 2016         C.R. ENGLAND, INC.

18

19                                  By:_____
                                        T.J. ENGLAND
20

21 Dated: September   , 2016         BLUMENTHAL, NORDREHAUG & BHOWMIK

22

23                                  By:_____
                                        KYLE R. NORDREHAUG
24                                       Attorneys for Plaintiffs and the Class

25 Dated: September 29 2016          THEODORA ORINGHER PC

26

27                                  By: _Drew R. Hansen_____
                                        DREW R. HANSEN
28                                       Attorneys for Defendant

                                    46                      Case No. 2:16-cv-00906

**EXHIBIT "A"**

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

| | |
|---|---|
| MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>C.R. ENGLAND, INC., a Corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.: 2:16-cv-00906 |

**TO:   ALL CURRENT AND FORMER TRUCK DRIVERS EMPLOYED BY C.R. ENGLAND, INC. IN CALIFORNIA AT ANY TIME DURING THE PERIOD FROM MARCH 12, 2014 THROUGH [_____], 2016**

**PLEASE READ THIS NOTICE CAREFULLY.  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH AUTHORIZED THIS NOTICE.   THIS IS NOT A SOLICITATION FROM A LAWYER.**

## INTRODUCTION

This Notice describes a proposed settlement (the "Settlement") of the class action lawsuit *Milton Harper, et al. vs. C.R. England, Inc.*, Case No. 2:16-cv-00906 ("Action"), now pending in the United States District Court for the District of Utah (the "Court"), and is being sent to you by Order of the Court, which has preliminarily approved the Settlement.   The Settlement will provide money to pay claims of truck drivers who were employed by C.R. England, Inc. ("Defendant") in California during the relevant time period.   The Settlement will resolve all claims that were, or which could have been, asserted in the Action by Milton Harper, Ronnie Stevenson, and Jonathan Mitchell (the "Plaintiffs") on an individual, class, collective, or representative basis, including, but not limited to, claims under the California Labor Code, Wage Order No. 9-2001, the California Business & Professions Code, the California Code of Regulations, the California Civil Code, and the California Private Attorneys General Act.

You have received this notice because records indicate that you worked as a truck driver for Defendant in California at some point during the period of March 12, 2014 through _____, 2016.  This Notice informs you of your rights under the Settlement.

The following table summarizes your options in responding to this Notice and the result of you exercising each option.  These options are described in more detail below.

| SUMMARY OF LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **OPTION** | **RESULT** |
| Do nothing | Accept the terms of the Settlement. Receive a settlement payment. |
| Submit a written request for exclusion from the Settlement | Request to be excluded from the Settlement and retain your rights to act individually, which could mean doing nothing, bringing your own claim, etc. If you exclude yourself, you will **not** receive a settlement payment and will not be allowed to comment on the settlement in any way. |
| Object | Write to the Court and explain any concerns you have regarding the Settlement. |
| Attend hearing | Request to speak to the Court about the fairness of the Settlement. |

## CRITICAL DATES

**[EXCLUSION DATE]**     The last date to submit a written request to opt out of the Settlement and retain your rights to bring your own claim.

**[OBJECT DEADLINE]**:     The last date to mail any written objections to the Settlement.

**[HEARING DATE]**:     The date of the Court hearing to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court.

## BACKGROUND OF THE CASE

Plaintiffs filed a proposed class action complaint against Defendant on behalf of themselves and all other members of the class alleged to be similarly situated on February 1, 2016. The original Complaint was amended on April 12, 2016 and then amended for a second time on July 11, 2016. On or about August 24, 2016, Defendant timely removed this action to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On or about August 26, 2016, the Action was transferred to the District of Utah.

In the Second Amended Complaint, Plaintiffs have alleged, among other things, the following claims and alleged violations against Defendant: (1) Unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (3) failure to pay regular wages, straight time wages, and overtime wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (4) failure to provide accurate itemized wage statements; (5) failure to maintain copies of accurate itemized wage statements; (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) unlawful deductions in violation of the California Labor Code; (8) failure to provide meal periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (9) failure to provide rest periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (10) failure to timely pay wages due in violation of California Labor Code §§ 201-203 *et seq.*; (11) failure to pay all wages owed on regularly scheduled paydays in violation of California Labor Code §§ 204 *et seq.*; (12) misrepresentation in violation of California Labor Code §§ 970 through 972 *et seq.*; (13) usury, and; (14) failure to comply

with the Private Attorneys' General Act of 2004 (i.e., California Labor Code § 2698 *et seq.*).

Defendant contends that the Action lacks merit and that they properly paid truck drivers for all hours worked, including minimum wages. Defendants also contend that they satisfied their meal and rest break obligations to truck drivers, provided accurate itemized wage statements and any other required employment records, and paid employees whose employment terminated all wages due at the time of termination. Defendant denies that Plaintiffs or the other Class Members are entitled to any relief whatsoever under the California Labor Code, Wage Order No. 9-2001, the California Business & Professions Code, the California Code of Regulations, the California Civil Code, PAGA, or any other law, regulation, or statute of any kind.

The case has been actively litigated since it was filed, which includes discovery and investigation by Plaintiffs' counsel. The Parties also engaged in intensive fact review and voluntary document exchange prior to mediating this case before Gig Kyriacou, who is an experienced and respected mediator for wage and hour disputes. With the assistance of Mr. Kyriacou and related settlement discussions, the parties agreed to the Settlement. The Settlement has been preliminarily approved by the Court.

## SUMMARY OF THE PROPOSED SETTLEMENT

### Who is included in the Settlement?

You are eligible to receive a payment under the Settlement if you were employed by Defendant as a truck driver in California between March 12, 2014 and _____, 2016 (the "Class"). The Class thus includes employee truck drivers of any kind who worked for Defendant in the State of California during the Class Period, including, but not limited to, drivers, truck drivers, truck workers, industrial truck workers, industrial truck drivers, Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any other similar job designation or description that involved driving a truck for Defendant.

Participating Class Member means a Class Member who does **not** submit a valid Election Not to Participate in Settlement. The Settlement Administrator will make a Settlement payment to each Participating Class Member who is eligible for payment, based on the formula set forth below.

### What will I receive from the Settlement?

The Settlement calls for a total Settlement Payment by Defendant of Two Million Three Hundred Fifty Thousand Dollars ($2,350,000.00). After deducting Court approved amounts for attorneys' fees, costs and expenses, the incentive/bonus or service award payments to the Class Representative Plaintiffs, all employee and employer tax withholdings, the payment allocated to the LWDA, and the estimated costs of settlement administration, the remaining amount is the Net QSF which will be paid to Participating Class Members, calculated as follows:

1. The Net QSF will be available for distribution to Participating Class Members, except to the extent the Defendant elects to make a payment directly to Class Members under California Labor Code § 226.2(b). In making the distributions to the Participating Class Members the Settlement Administrator shall account for and give the necessary credit to any payment made by Defendant under California Labor Code § 226.2(b) so as to correctly calculate and distribute the Net QSF.

2. A Participating Class Member's Settlement Share will be calculated as follows: (1) calculating the total weeks worked by all Participating Class Members based on the Class Data (the "Total Work Weeks"); (2) dividing each Participating Class Member's work weeks based on the Class Data by the Total Work Weeks to determine his or her proportionate share of the Net QSF (for each Participating Class Member, the "Settlement Share Proportion"); and (3) multiplying each Participating Class Member's Settlement Share Proportion by the Net QSF. To the extent an early payment is made to the Participating Class Members as described in Section XIX.A of the Joint Stipulation of Class Action Settlement and Release of Claims, the early payment shall be credited to the QSF.

**When will I receive my Settlement Payment?**

The Settlement payments will be paid approximately 30 days after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.  Please be patient.

**Service Award to Class Representatives:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, there will be a payment to Plaintiffs of up to $7,500.00 each (but no more).  This payment is to reimburse Plaintiffs for assisting in the investigation, responding to discovery and otherwise assisting Class Counsel.  Defendant will not oppose this request.

**Attorneys' Fees and Costs:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, Class Counsel will seek an award of attorneys' fees in an amount up to Five hundred Thousand Dollars ($500,000.00), which is approximately 21.28% of the Settlement Payment.  In addition, Class Counsel will ask to be reimbursed for costs in an amount up to $25,000.00 incurred in prosecuting this action.  Class Counsel believes that the amounts for costs and attorneys' fees requested is fair and reasonable and Defendant will not oppose Class Counsel's request for these amounts.  The motion will be posted at www.bamlawca.com under "Court Notices".

**Labor & Workforce Development Agency Payment of PAGA Penalties:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, there will be a payment to the California Labor & Workforce Development Agency ("LWDA") of $30,000.00 for purported penalties attributable to the PAGA claims asserted in the Action.

**Settlement Administrator:**  The Court has appointed _____ to act as an independent Settlement Administrator to process this settlement, to resolve any dispute concerning a Settling Class Member's eligibility to participate in the Settlement and his or her share of the Settlement proceeds and to make payments to Settling Class Members.  Subject to approval and order by the Court, the independent Settlement Administrator will be reimbursed for administering this settlement from the Settlement Payment.

## <u>YOUR LEGAL REPRESENTATION</u>

The Court has decided that the following attorneys are qualified to represent you and all other Settlement Class Members:

Kyle R. Nordrehaug
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara

La Jolla, California 92037
Tel: (858) 551-1223
Email: Kyle@bamlawca.com

These attorneys are called "Class Counsel." You do not need to hire your own attorney because Class Counsel is working on your behalf. You do, however, have the right to have your own attorney, but you will be required to pay his or her fees. If you have questions or desire additional details, you may call, email or correspond with Class Counsel. You may also view any of the documents on file with the Court in the Litigation at the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, or through PACER at https://ecf.utd.uscourts.gov/.

## <u>WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?</u>

**Receive a Settlement Share:** To receive a payment from the settlement, you do not have to do anything. A check for your Settlement Share will be automatically mailed to you at the same address as this Notice so long as the settlement is approved. If your address is incorrect or changes, you must notify the Settlement Administrator.

The Settlement Administrator is _____.

**Excluding Yourself from the Settlement:** If you do <u>not</u> wish to be bound by the Settlement, you must submit a request for exclusion in writing to Class Counsel and Defendants' Counsel (an "Election Not to Participate in Settlement"). To be valid, the Election Not to Participate in Settlement document must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Harper et al. v. C.R. England, Inc.* The Election Not to Participate in Settlement document must be postmarked no later than **[DEADLINE]** to the Settlement Administrator at the address listed on this Notice. Any person who submits a complete and timely Election Not to Participate in Settlement document shall, upon receipt by the Settlement Administrator, no longer be a Participating Class Member, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement. Any such person, at their own expense, may pursue any claims he or she may have against Defendant. An incomplete, untimely or unsigned Election Not to Participate in Settlement document will be deemed invalid.

**Objection to Settlement:** You can object to the terms of the Settlement before final approval. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. To object, you must file a written objection and a notice of intention to appear at the Final Approval Hearing currently set for **[FINAL APPROVAL HEARING DATE]**, at **[TIME LOCATION]**, with the Clerk of the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, and send copies to the Settlement Administrator and the following counsel:

| <u>CLASS COUNSEL</u> | <u>DEFENDANT'S COUNSEL</u> |
|---|---|
| Kyle Nordrehaug | Drew R. Hansen, Esq. |
| Blumenthal, Nordrehaug & Bhowmik | Theodora Oringher PC |
| 2255 Calle Clara | 535 Anton Boulevard, Ninth Floor |
| La Jolla, California 92037 | Costa Mesa, California 92626-7109 |
| Tel: (858) 551-1223 | |
| kyle@bamlawca.com | |

Any written objection shall state each specific reason in support of your objection and any legal support for each objection.  Your objection must also state your full name, address, and the dates of your employment with Defendant.  To be valid and effective, any objection to approval of the Settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than **[OBJECT DEADLINE]**.  **DO NOT TELEPHONE THE COURT.**

If you choose to file an objection to the terms of this settlement, you will be solely responsible for the fees and costs of your own attorney.

### EFFECT OF THE SETTLEMENT

The Settlement is intended to settle and resolve claims against Defendant as follows:  Upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims that have been asserted, or could have been asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Action ("Claims Released By Participating Class Members").

As used above, "Claims" means all state and federal claims, causes of action, and forms of relief that have been asserted, or that could have been asserted, based on or arising from the facts or allegations alleged in any of the Complaints in the Action, whether in an individual, class, collective, or representative capacity, including, but not necessarily limited to, all claims, causes of action, and relief alleged or that could have been alleged based on or arising out of the facts or allegations set forth in the operative Second Amended Complaint.  The Claims thus include, but are not limited to, all claims, causes of action, and associated relief regarding minimum wages, regular and straight time wages, overtime wages, hourly wages, piece-rate wages, wages for all time worked, wages for all miles driven, wages for both driving and non-driving time, wages for rest and recovery periods and all other non-productive time, and all other forms of wages of any kind whatsoever, off-the-clock work, payment of all wages owed each pay period, payment of all wages owed upon termination or cessation of employment, meal periods, rest periods, wage statements, pay records, employment and personnel records, business expenses of any kind (e.g., cell phones), deductions of any kind (e.g., charges associated with any Class Members' attendance at the Premier Truck Driving School or third party school), waiting time penalties, civil penalties, any other penalties, premium compensation, misrepresentation, misclassification (i.e., exempt v. non-exempt), fraud, usury, interest, damages, liquidated damages, statutory damages, punitive damages, restitution, disgorgement, injunctive and declaratory relief, and attorneys' fees and costs, as well as claims under the California Private Attorneys General Act of 2004 ("PAGA") and under the California Business & Professions Code §§ 16600 and 17200 et seq., and any other claims, causes of action, relief or remedies that were asserted or that could have been asserted, based upon or arising out of the facts and allegations actually pleaded in the Second Amended Complaint.  Without in any way limiting the nature of the foregoing, the Claims include all claims not known or suspected to exist, against Defendant under state, federal or local wage and hour laws or regulations, including all of the statutes, regulations, rules, and wage orders expressly referenced in the Second Amended Complaint along with any additional statutes, regulations, rules, and wage orders that could have been asserted arising out of the facts and allegations actually pleaded in any of the Complaints, including, but not limited to, claims based, in whole or in part, on California Labor Code §§ 200 through 204, 204b, 204.2, 206, 206.5, 208, 210, 212, 216, 218, 218.5, 218.6, 221 through 224,

225.5, 226, 226.2, 226.3, 226.6, 226.7, 229, 256, 432, 432.5, 450, 451, 510, 512, 551, 552, 558, 970, 971, 972, 1174, 1174.5, 1175, 1182.11, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2800, 2802 through 2804, 2810.5, 2698 et seq., and 2699, Wage Order No. 9-2001 as well as any prior iteration or version of that wage order, California Civil Code §§ 1912 *et. seq.*, 3287, and 3289, California Code of Civil Procedure § 1021.5, California Business & Professions Code Sections §§ 16600 and 17200 et seq., title 8 of the California Code of Regulations § 11090, and claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

Each Participating Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California as to the Claims Released By Participating Class Members enumerated above only, and does so understanding the significance of that waiver.  Section 1542 provides the following:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

If you are a Class Member and do not elect to exclude yourself from the Settlement as provided for in this Notice, you will be deemed to have entered into this release and to have released the above-described claims.  If the Settlement is approved by the Court and becomes final, the Settlement will be consummated.  If the Settlement is not approved by the Court or does not become final for some other reason, the Action will continue.

## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, on **[FINAL APPROVAL HEARING DATE AND TIME]**, to determine whether the Settlement should be finally approved as fair, reasonable and adequate.  The Court also will be asked to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses.  The hearing may be continued without further notice to the Class.  It is not necessary for you to appear at this hearing unless you have timely filed an objection with the Court.

## ADDITIONAL INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you should consult the detailed "Joint Stipulation of Class Action Settlement and Release of Claims," which is on file with the Clerk of the Court.  The pleadings and other records in the Action, including that Stipulation, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, or through PACER at https://ecf.utd.uscourts.gov/.  You may also contact Class Counsel listed above to obtain settlement documents or view documents at www.bamlawca.com under "Court Notices".

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT. ANY QUESTIONS SHOULD BE DIRECTED TO CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR, AND NOT DEFENDANT'S COUNSEL.**

**EXHIBIT "B"**

1

**Exhibit "B"**

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

11

FOR THE DISTRICT OF UTAH

12

13 | MILTON HARPER, RONNIE
STEVENSON, AND JONATHAN

**CASE NO. 2:16-CV-00906**

14 | MITCHELL, individuals, on behalf of
themselves, and on behalf of all

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT**

15 | persons similarly situated,

16 | Plaintiff,

Judge:

17 | vs.

18 | C.R. ENGLAND, INC., a corporation;
and DOES 1-50, inclusive,

19

Defendant.

20

21

22

23

24

25

26

27

28

On _____, 2016, the Court received an unopposed motion by Plaintiffs Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs") requesting preliminary approval of a proposed class-wide settlement of the above-captioned action.  Having considered the Joint Stipulation of Class Action Settlement and Release of Claims (the "Stipulation" or "Settlement") and all Exhibits thereto, including the proposed Class Notice (which is Exhibit A to the Stipulation), it is hereby ORDERED as follows:

1.  The Court finds on a preliminary basis that the settlement memorialized in the Stipulation falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.  Unless otherwise provided herein, capitalized terms shall have the meanings set forth in the Stipulation.

2.  The Court conditionally certifies, for settlement purposes only, the following settlement class described in more detail in the Stipulation:  all current and former truck drivers employed by Defendant in the State of California during the Class Period.  The Class Period is the period of time beginning on, and including, March 12, 2014, and continuing up through sixty (60) days after the Stipulation was signed by all Parties or the date of this Order, whichever date is earlier.

3.  The Court finds, for settlement purposes only, that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement.

4.  This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification, opposing decertification, or for any other purpose other than enforcing the terms of the Stipulation.

5.      The Court appoints Plaintiffs as the Class Representatives for purposes of the Settlement.

6.      The Court appoints Kyle Nordrehaug of the law firm of Blumenthal, Nordrehaug, & Bhowmik as Class Counsel for purposes of the Settlement and the releases and other obligations therein.

7.      The Court appoints _____ as Settlement Administrator.

8.      The Class Notice, attached as Exhibit A to the Stipulation, is approved. The Settlement Administrator is ordered to mail the Class Notice to the Class Members as provided in the Stipulation.

9.      Each Class Member will have thirty (30) days after the date on which the Settlement Administrator mails the Class Notice to submit a properly completed and executed Election Not to Participate in Settlement document in order to exclude themselves from the Settlement.  A completed and executed Election Not to Participate in Settlement document will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.  To be valid, the Election Not to Participate in Settlement document must comply with the procedure set forth in the Notice and must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Harper et al. v. C.R. England, Inc*.

10.      Each Class Member who does not timely submit an Election Not to Participate in the Settlement document will have thirty (30) days after the date on

3

which the Settlement Administrator mails the Class Notice to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant, and filing with the Court, a written objection to the Settlement, Plaintiffs' Service Payments, and/or Class Counsel's attorneys' fees and costs.  A Class Member who does not serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be precluded from making any objection to the Settlement.

11.   The Court will conduct a Fairness Hearing on _____, 2016 at _____ to determine whether the Settlement as set forth in the Stipulation should be finally approved as fair, reasonable, and adequate as to all Participating Class Members, whether the Court should grant Plaintiffs' request for the Plaintiffs' Service Payment, and whether the Court should grant Plaintiffs' request for attorneys' fees and costs for Class Counsel.  The Fairness Hearing may be continued without further notice to the Class Members.

12.   Class Counsel shall file a motion with the Court requesting final approval of the Settlement at least twenty-eight (28) days prior to the Fairness Hearing.

13.   The Class Representative and Class Counsel may file a motion requesting the Plaintiffs' Service Payment and attorneys' fees and costs no later than fourteen (14) days prior to the deadline for objections, which motion shall be posted on Class Counsel's website at that time and thus accessible to the Class as directed in the Class Notice.

IT IS SO ORDERED.

Dated: _____, 2016

_____
Hon. _____
United States District Judge
District of Utah

**EXHIBIT "C"**

**Exhibit "C"**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>C.R. ENGLAND, INC., a corporation; and DOES 1-50, inclusive,<br><br>                Defendant. | **CASE NO. 2:16-CV-00906**<br><br>**[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT**<br><br>Judge: |

CASE NO. 2:16-cv-00906

[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

This matter came on for hearing upon the Court's Order of _____, 2016 (the "Preliminary Approval Order") and following Plaintiffs' unopposed motion for final approval of the settlement in this action.  Due and adequate notice having been given to the Class (as defined in footnote 1 below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Plaintiffs Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs"), Defendant C.R. England, Inc. ("Defendant") and all truck drivers employed in California by Defendant at any time during the Class Period (collectively the Class[1] or "Class Members").  The Class Period is March 12, 2014 through _____, 2016.

2.     All terms herein shall have the same meaning as terms defined in the Joint Stipulation of Class Action Settlement and Release of Claims (the "Stipulation" or "Settlement"), unless specifically provided otherwise herein.

3.     The Court grants final approval of the parties' Settlement on the terms set forth in the Stipulation.

---

[1] As set forth in the Stipulation, "Class" means all current and former truck drivers employed by Defendant in the State of California during the Class Period.  The Class thus includes employee truck drivers of any kind who worked for Defendant in the State of California during the Class Period, including, but not limited to, drivers, truck drivers, truck workers, industrial truck workers, industrial truck drivers, Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any other similar job designation or description that involved driving a truck for Defendant.

CASE NO. 2:16-cv-00906

2

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

4.     The Court finds that the distribution by first-class mail of the Class Notice constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to the Class was adequate.  These papers informed Class Members of the terms of the Settlement, their right to a share of the Settlement Payment, their right to object to the Settlement, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Fairness Hearing and to be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures, as set forth in the Court's preliminary approval order and the Stipulation.  [No Class Members objected to the Settlement, and only ___ individuals opted out of the Settlement.]

5.     The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3).  Accordingly, solely for purposes of effectuating this Settlement, this Court has certified a class of all Class Members.  Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6.     The Court approves the Settlement of the Action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Class, the Plaintiffs, and Defendant.  The Parties and the Settlement Administrator are directed to perform their respective obligations in accordance with the terms set forth in the Stipulation and this Order.

7.     Except as to any individual claim of those persons who have validly

CASE NO. 2:16-cv-00906

3

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

and timely requested exclusion from the Class, all of the Claims asserted in the above-captioned Action are dismissed with prejudice as to the Plaintiffs and the Participating Class Members.  The Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

8. By this Judgment, the Plaintiffs are hereby bound by and subject to the release described in Section XXI.A of the Stipulation. Among other things, this means that Plaintiffs on behalf of themselves and their estates, executors, administrators, heirs and assigns, hereby release, discharge, and agree to hold harmless Defendant and any of its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as their employees, officers, directors, agents, representatives, attorneys, insurers, partners, shareholders, representatives, joint venturers, owners, and successors and assigns of each (i.e., the Released Parties), from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description whatsoever, whether known or unknown, whether anticipated or unanticipated, arising on or before the end of the Class Period ("Plaintiffs' Released Claims").  Anything to the contrary notwithstanding, Plaintiffs do not release claims for workers' compensation benefits, unemployment insurance, and accrued benefits such as vacation, paid time off, 401k, ERISA, and SDI.

9. By this Judgment, Participating Class Members are hereby bound and subject to the release described in Section XXI.B of the Stipulation.  Among other things, this means that each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims (as that term is defined in Section II.D of the Stipulation) that have been asserted, or could have been

CASE NO. 2:16-cv-00906

4

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Action ("Claims Released By Participating Class Members").

10.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be cited or used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendant or any of the Released Parties, or whether class action certification or any other group-wide status of any kind is warranted in this Action or any other proceeding or that decertification is not warranted in this Action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration, or other tribunal of any kind, nature, or description whatsoever.  Defendant may file the Judgment from the above-captioned matter in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The Action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs and Participating Class Members from prosecuting any of Claims Released By Participating Class Members against Defendant or any of the other Released Parties.  Plaintiffs are further barred from prosecuting any of Plaintiffs' Released Claims.

12.     The Court hereby confirms the appointment of Plaintiffs as Class Representatives for the Class for purposes of the Settlement.  The Court hereby

CASE NO. 2:16-cv-00906

5

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

confirms the appointment of Kyle Nordrehaug of the law firm of Blumenthal, Nordrehaug, & Bhowmik as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

13.    Pursuant to the Stipulation, Defendant shall pay the Settlement Payment in the amount of Two Million Three Hundred Fifty Thousand Dollars and No Cents ($2,350,000.00).  Defendant shall not be required to make any other payments of any kind in connection with the Settlement.

14.    The Court finds that the plan of allocation for the Settlement Payment set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Payment shall be made in accordance with the terms outlined in the Stipulation, subject to the following:

   a. The Court hereby awards to Class Counsel attorney's fees of $500,000.00 and costs of $_____.

   b. The Court hereby approves the payment of settlement administration costs in the amount of $ _____ to the Settlement Administrator for services rendered in connection with the Settlement.

   c. The Court hereby awards to Plaintiffs the Service Payments in the amount of $7,500.00 each for their contributions to the Action, the risks they undertook to represent the Class, and for their execution of a general release.

   d. The Court hereby approves the payment in the amount of $30,000.00 to the California Labor and Workforce Development Agency ("LWDA") for the Private Attorney General Act claims.

   e. The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, the

CASE NO. 2:16-cv-00906

6

[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

1    Plaintiff, and the LWDA in accordance with the terms of the

2    Stipulation.  These payments shall come out of the Qualified

3    Settlement Fund.  After deducting the foregoing, along with any

4    credit Defendant is entitled to for making payments pursuant to

5    California Labor Code § 226.2, the remaining funds shall

6    constitute the Net Qualified Settlement Fund ("Net QSF"), and

7    the Settlement Administrator shall distribute the Net QSF to the

8    Participating Class Members pursuant to the terms of the

9    Stipulation.

10       16.    All checks sent to Participating Class Members that remain uncashed

11   after one hundred and eighty (180) days, will be paid to the appropriate California

12   agency or department in the name of the Participating Class Member.

13       17.    This Action is hereby dismissed with prejudice.  The Court reserves

14   and retains exclusive and continuing jurisdiction over the above-captioned Action,

15   the Class Representatives, the Class, Class Counsel, and Defendant for the purposes

16   of supervising the implementation, effectuation, enforcement, construction,

17   administration and interpretation of the Settlement and this Judgment.  This

18   document shall constitute a judgment for purposes of Rule 58 of the Federal Rules

19   of Civil Procedure.

20       IT IS SO ORDERED.

21

22   Dated: _____, 2015

23                                          _____

24                                          Hon. _____
                                           United States District Judge
25                                          District of Utah

26

27

28

**EXHIBIT #2**

**Blumenthal, Nordrehaug & Bhowmik**
2255 Calle Clara, La Jolla, California 92037
Tel: (858) 551-1223
Fax: (885) 551-1232

## FIRM RESUME

Areas of Practice: Employee, Consumer and Securities Class Actions, Wage and Hour Class Actions, Civil Litigation, Business Litigation.

## ATTORNEY BIOGRAPHIES

**Norman B. Blumenthal**
Partner
Practice Areas: Consumer and Securities Class Action, Civil Litigation, Wage and Hour Class Actions, Transactional Law
Admitted: 1973, Illinois; 1976, California
Biography: Law Clerk to Justice Thomas J. Moran, Illinois Supreme Court, 1973-1975, while on Illinois Court of Appeals. Instructor, Oil and Gas Law: California Western School of Law, 1981; University of San Diego School of Law, 1983. President and Chairman of the Board, San Diego Petroleum Club Inc., 1985-1986. Chief Operating Officer and General Counsel, Brumark Corporation, 1980-1987. Partner, Blumenthal & Ostroff, 1988-1995. Partner, Blumenthal, Ostroff & Markham, 1995-2001. Partner, Blumenthal & Markham, 2001-2007. Partner, Blumenthal & Nordrehaug, 2007. Partner, Blumenthal, Nordrehaug & Bhowmik, 2008-present
Member: San Diego County, Illinois State and American Bar Associations; State Bar of California.
Educated: University of Wisconsin (B.A., 1970); Loyola University of Chicago (J.D., 1973)

**Kyle R. Nordrehaug**
Partner
Practice Areas: Consumer and Securities Class Actions, Wage and Hour Class Actions, Civil Litigation
Admitted: 1999, California
Biography: Associate, Blumenthal, Ostroff & Markham, 1999-2001. Associate, Blumenthal & Markham, 2001-2007. Partner, Blumenthal & Nordrehaug, 2007. Partner, Blumenthal, Nordrehaug & Bhowmik, 2008-present
Member: State Bar of California, Ninth Circuit Court of Appeals, Third Circuit Court of Appeals
Educated: University of California at Berkeley (B.A., 1994); University of San Diego School of Law (J.D. 1999)
Awards: Top Labor & Employment Attorney 2016; Top Appellate Reversal - Daily Journal 2015; Super Lawyer 2015

**Aparajit Bhowmik**
Partner
Practice Areas: Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2006, California
Educated: University of California at San Diego (B.A., 2002); University of San Diego School of Law (J.D. 2006)

**Piya Mukherjee**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions

Admitted: 2010, California
Educated: University of California, San Diego (B.S. 2006); University of Southern California, Gould School of Law (J.D. 2010)


**Nicholas J. De Blouw**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2011, California
Educated: Wayne State University (B.A. 2008); California Western School of Law (J.D. 2011)

**Victoria Rivapalacio**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2011, California
Educated: University of California at San Diego (B.A., 2003); George Washington University Law School (J.D. 2010)

**Molly A. Desario**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2004, California; 2002, Maryland
Educated: University of Cincinnati (B.A. 1999); Northeastern University School of Law (J.D. 2002)

**Scott Macrae**
Contract Attorney
Practice Areas: Consumer and Securities Class Actions; Wage and Hour Class Actions
Admitted: 1982, California
Educated: Bowdoin College (B.A., 1978); University of California at Berkeley, Boalt Hall School of Law (J.D., 1982)


## REPORTED CASES

Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425 (9th Cir. 2015); Securitas Security Services USA, Inc. v. Superior Court, 234 Cal. App. 4th 1109 (Cal. Feb. 27, 2015); Sussex v. United States Dist. Court for the Dist. of Nev., 781 F.3d 1065 (9th Cir. 2015); In re Tobacco Cases II, 41 Cal. 4th 1257 (2007);  Washington Mutual Bank v. Superior Court, 24 Cal. 4th 906 (2001);  Rocker v. KPMG LLP, 148 P.3d 703; 122 Nev. 1185 (2006); PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384 (2007); Hall v. County of Los Angeles, 148 Cal. App. 4th 318 (2007); Coshow v. City of Escondido, 132 Cal. App. 4th 687 (2005); Daniels v. Philip Morris, 18 F.Supp 2d 1110 (S.D. Cal.1998); Gibson v. World Savings & Loan Asso., 103 Cal. App. 4th 1291 (2003); Jordan v. Department of Motor Vehicles, 75 Cal. App. 4th 445 (1999); Jordan v. Department of Motor Vehicles, 100 Cal.App. 4th 431 (2002); Norwest Mortgage, Inc. v. Superior Court, 72 Cal.App.4th 214 (1999); Hildago v. Diversified Transp. Sya, 1998 U.S. App. LEXIS 3207 (9th Cir. 1998); Kensington Capital Mgal. v. Oakley, Inc., 1999 U.S. Dist LEXIS 385; Fed.Sec.L.Rep. (CCH) P90, 411 (1999 C.D. Cal.); Lister v. Oakley, Inc., 1999 U.S. Dist. LEXIS 384; Fed. Sec. L. Rep. (CCH) P90,409 (C.D Cal. 1999); Olszewski v. Scripps Health, 30 Cal. 4th 798 (2003); Steroid Hormone Product Cases, 181 Cal. App. 4th 145 (2010); Owen v. Macy's, Inc., 175 Cal. App. 4th 462 (2009); Taiheiyo Cement Corp. v. Superior Court, 117 Cal. App. 4th 380

(2004); Taiheiyo Cement Corp. v. Superior Court, 105 Cal.App. 4th 398 (2003); McMeans v. Scripps Health, Inc., 100 Cal. App. 4th 507 (2002); Ramos v. Countrywide Home Loans, 82 Cal.App. 4th 615 (2000); Tevssier v. City of San Diego, 81 Cal.App. 4th 685 (2000); Washington Mutual Bank v. Superior Court, 70 Cal. App. 4th 299 (1999); Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001 (9th Cir. 2008); Silvas v. E*Trade Mortg. Corp., 421 F. Supp. 2d 1315 (S.D. Cal. 2006); McPhail v. First Command Fin. Planning, Inc., 2009 U.S. Dist. LEXIS 26544 (S.D. Cal. 2009); McPhail v. First Command Fin. Planning, Inc., 251 F.R.D. 514 (S.D. Cal. 2008); McPhail v. First Command Fin. Planning, Inc., 247 F.R.D. 598 (S.D. Cal. 2007); Barcia v. Contain-A-Way, Inc., 2009 U.S. Dist. LEXIS 17118 (S.D. Cal. 2009); Barcia v. Contain-A-Way, Inc., 2008 U.S. Dist. LEXIS 27365 (S.D. Cal. 2008); Wise v. Cubic Def. Applications, Inc., 2009 U.S. Dist. LEXIS 11225 (S.D. Cal. 2009); Gabisan v. Pelican Prods., 2009 U.S. Dist. LEXIS 1391 (S.D. Cal. 2009); La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv., 630 F. Supp. 2d 1222 (S.D. Cal. 2009); La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv., 2008 U.S. Dist. LEXIS 102380 (S.D. Cal. 2008); Louie v. Kaiser Found. Health Plan, Inc., 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008); Weltman v. Ortho Mattress, Inc., 2010 U.S. Dist. LEXIS 20521 (S.D. Cal. 2010); Weltman v. Ortho Mattress, Inc., 2008 U.S. Dist. LEXIS 60344 (S.D. Cal. 2008); Curry v. CTB McGraw-Hill, LLC, 2006 U.S. Dist. LEXIS 5920; 97 A.F.T.R.2d (RIA) 1888; 37 Employee Benefits Cas. (BNA) 2390 (N.D. Cal. 2006); Reynov v. ADP Claims Servs. Group, 2006 U.S. Dist. LEXIS 94332 (N.D. Cal. 2006); Kennedy v. Natural Balance Pet Foods, Inc., 2010 U.S. App. LEXIS 248 (9th Cir. 2010); Kennedy v. Natural Balance Pet Foods, Inc., 2008 U.S. Dist. LEXIS 38889 (S.D. Cal. 2008); Kennedy v. Natural Balance Pet Foods, Inc., 2007 U.S. Dist. LEXIS 57766 (S.D. Cal. 2007); Sussex v. Turnberry/MGM Grand Towers, LLC, 2009 U.S. Dist. LEXIS 29503 (D. Nev. 2009); Picus v. Wal-Mart Stores, Inc., 256 F.R.D. 651 (D. Nev. 2009); Tull v. Stewart Title of Cal., Inc., 2009 U.S. Dist. LEXIS 14171 (S.D. Cal. 2009); Keshishzadeh v. Gallagher, 2010 U.S. Dist. LEXIS 46805 (S.D. Cal. 2010); Keshishzadeh v. Arthur J. Gallagher Serv. Co., 2010 U.S. Dist. Lexis 116380 (S.D. Cal. 2010); In re Pet Food Prods. Liab. Litig., MDL Docket No. 1850 (All Cases), 2008 U.S. Dist. LEXIS 94603 (D.N.J. 2008); In re Pet Food Prods. Liab. Litig., 629 F.3d 333 (3rd. Cir. 2010); Puentes v. Wells Fargo Home Mortgage, Inc., 160 Cal. App. 4th 638 (2008); Rezec v. Sony Pictures Entertainment, Inc., 116 Cal. App. 4th 135 (2004); Badillo v. Am. Tobacco Co., 202 F.R.D. 261 (D. Nev. 2001); La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin., 2010 U.S. App. Lexis 23025 (9th Cir. 2010); Dirienzo v. Dunbar Armored, Inc., 2011 U.S. Dist. Lexis 36650 (S.D. Cal. 2011); Rix v. Lockheed Martin Corp., 2011 U.S. Dist Lexis 25422 (S.D. Cal. 2011); Weitzke v. Costar Realty Info., Inc., 2011 U.S. Dist Lexis 20605 (S.D. Cal. 2011); Goodman v. Platinum Condo. Dev., LLC, 2011 U.S. Dist. LEXIS 36044 (D. Nev. 2011); Sussex v. Turnberry/MGM Grand Towers, LLC, 2011 U.S. Dist. LEXIS 14502 (D. Nev 2011); Smith v. Kaiser Foundation Hospitals, Inc., 2010 U.S. Dist. Lexis 117869 (S.D. Cal. 2010).

## LEAD COUNSEL - CLASS ACTION & REPRESENTATIVE CASES

Sakkab v. Luxxotica Retail North America – In Litigation, On Appeal
United states District Court, Southern District of California; U.S. Court of Appeals 9th Circuit
**The panel reversed the district court's order granting Luxottica Retail North America, Inc.'s motion to compel arbitration of claims and dismissing plaintiff's first amended complaint, in a putative class action raising class employment-related claims and a non-class representative claim for civil penalties under the Private Attorney General Act.**
Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, (9th Cir. 2015).
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations, Filed January 2012
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Securitas Wage and Hour Cases -</u> In Litigation, Court of Appeal Fourth Appellate District
California

**Court of Appeals concluded the trial court correctly ruled that *Iskanian* rendered the
PAGA waiver within the parties' dispute resolution agreement unenforceable. However,
the court then ruled the trial court erred by invalidating and severing the waiver provision,
including an enforceable class action waiver, from the agreement and sending Edwards's
entire complaint, including her class action and PAGA claims, to arbitration.**
<u>Securitas Security Services USA, Inc. v. Superior Court,</u> 234 Cal. App. 4th 1109,(Cal. Feb. 27,
2015).
Los Angeles County Superior Court, JCC Proceeding No. 4837
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations, Filed
December 2013
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

<u>Sussex v. Turnberry / MGM Grand Towers</u> - In Litigation, U.S. Court of Appeals 9th Circuit
**The panel determined that the district court clearly erred in holding that its decision to
intervene mid-arbitration was justified under *Aerojet-General*. Specifically, the panel held that
the district court erred in predicting that an award issued by the arbitrator would likely be
vacated because of his "evident partiality" under 9 U.S.C. § 10(a)(2).**
<u>Sussex v. United States Dist. Court for the Dist. of Nev.,</u> 781 F.3d 1065 (9th Cir. 2015).
U.S. District Court, District of Nevada, Case No. 08-cv-00773
Nature of Case: Securities Violations, Fraud in the sale of Condo/Hotel Units, Filed in 2008
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates


<u>4G Wireless Wage Cases</u>  - Settled
Orange County Superior Court, JCCP No. 4736
Nature of Case: Employee Wage and Hour Class Action; Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Classic Party Rentals Wage & Hour Cases</u> - Settled
Los Angeles Superior Court, Case No. JCCP No. 4672
Nature of Case: Off the Clock; Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lavi & Ebrahimian

<u>Abu-Arafeh v. Norco Delivery Service, Inc.</u> – Settled
San Francisco County Superior Court, Case No. CGC-14-540601
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Aburto v. Verizon</u> - Settled
U.S. District Court, Southern District California, Case No. 11-cv-0088
Nature of Case: Employee Misclassification; Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Adkins v. Washington Mutual Bank</u> - Class Certification Granted, Settled
San Diego County Superior Court, Case No. GIC819546
Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Agah v. CompUSA</u> - Settled

U.S. District Court, Central District of California, Case No. SA CV05-1087 DOC (Anx)
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal & Nordrehaug

Akers v. The San Diego Union Tribune - Settled
San Diego County Superior Court, Case No 37-2010-00088571
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Allec v. Cross Country Bank - Settled
Orange County Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Altman v. SolarCity Corporation - In Litigation, On Appeal
San Diego County Superior Court, Case No. 37-2014-00023450-CU-OE-CTL
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Aquino v. Macy's West Stores  - Settled
Orange County Superior Court, Case No. 30-2010-00395420
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Baker v. Advanced Disability Management, Inc. – In Litigation
Sacramento County Superior Court, Case No. 34-2014-00160711
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Barcia v. Contain-A-Way - Settled
U.S. District Court, Southern District California, Case No. 07 cv 0938
Nature of Case: ERISA and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Bates v. Verengo, Inc. – Settled
Orange County Superior Court, Case No. 30-2012-00619985-CU-OE-CXC
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Battle v. Charming Charlie Inc. – In Litigation
San Diego County Superior Court, Case No. 37-2014-00005608
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Workman Law Firm P.C.

Behar v. Union Bank - Settled
Orange County Superior Court, Case No. 30-2009-00317275
Nature of Case: Misclassification, Overtime and Labor Code Violations for Priority Banking
Officers
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bell v. John Stweart Company - In Litigation
Alameda County Superior Court, Case No. RG14728792
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bennett v. Custom Built Personal Training – In Litigation
Monterey County Superior Court, Case No. M127596
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bermant v. Bank of America, Investment Services, Inc. - Settled
Los Angeles Superior Court, Civil Action No. BC342505
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Arias, Ozzello & Gignac;
United Employees Law Group

Bethley v. Raytheon Company  - Settled
United States District Court, Central District of California, Case No. SACV10-01741
Nature of Case: Employee Misclassification; Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Betorina v. Randstad US, L.P. - In Litigation
U.S. District Court Northern District of California, Case No. 3:15-cv-03646-MEJ
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Beverage v. Edcoa Inc. – In Litigation
Sacramento County Superior Court, Case No. 2013-00138279
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bolger v. Dr. Martens - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Bova v. Washington Mutual Bank / JP Morgan Chase - Settled
U.S. District Court, Southern District California, Case No. 07-cv-2410
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bowden v. Sunset Parking Services, LLC & LAZ Parking California, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00101751-CU-OE-CTL
Nature of Case: Unfair Business Practices; Overtime and Labor Code Violations
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Briseno v. American Savings Bank - Class Certification Granted, Settled
Orange County Superior Court, Case No. 774773
Nature of Case: Unfair Competition - Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Brueske v. Welk Resorts - Settled
San Diego Superior Court, Case No 37-2010-00086460
Nature of Case: Unfair Competition - Wage Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bueche v. Fidelity National Management Services - Settled
U.S. District Court, Eastern District of California, Case No. 13-cv-01114
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bunch v. Pinnacle Travel Services, LLC - In Litigation
Los Angeles County Superior Court, Case No. BC552048
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Buonomo v. ValueVision - Settled
Minnesota District Court
Nature of Case: False Advertising, Breach of Warranty
Plaintiff's Counsel: Blumenthal & Nordrehaug; Mansfield, Tanick & Cohen, P.A.

Butler v. Stericycle, Inc & Appletree Answering Services of California, Inc. - In Litigation
Sacramento County Superior Court, Case No. 34-2015-00180282
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cabral v. Creative Communication Tech. - Class Certification Granted, Settled
Los Angeles Superior Court, Case No. BC402239
Nature of Case: Labor Code Violations and Expense Reimbursement under Labor Code 2802
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Cardoza v. Wal-Mart Associates, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 4:15-cv-01634-DMR
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Castro v. Vivint Solar, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2014-00031385-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cavazos v. Heartland Automotive Services, Inc. - In Litigation
Riverside County Superior Court, Case No. PSC 1401759
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Law Offices of Mauro Fiore, Jr., A.P.C.

Citizens for Fair Treatment v. Quest Communications - Settled
San Diego Superior Court
Nature of Case: Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Cohen v. Bosch Tool - Settled
San Diego Superior Court, Case No. GIC 853562
Nature of Case: Unfair Business Practices - Deceptive Advertising - Made in the USA violations
Plaintiff's Counsel: Blumenthal & Nordrehaug

Comstock v. Washington Mutual Bank - Class Certification Granted, Settled
San Diego County Superior Court, Case No. GIC820803
Nature of Case: Unfair Competition - Force Order Insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

Conley v. Norwest - Settled
San Diego County Superior Court, Case No. N73741
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Connell v. Sun Microsystems - Settled
Alameda Superior Court, Case No. RG06252310
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group; Chavez & Gertler

Corrente v. Luxe Valet, Inc. - In Litigation
San Francisco County Superior Court, Case No. CGC-15-545961
Nature of Case: Independent Contractor Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Law Office of Todd M. Friedman, P.C.

Cruz v. Redfin Corporation - In Litigation
U.S. District Court Northern District of California, Case No. 3:14-cv-05234-TEH
Nature of Case: Independent Contractor Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Culley  v. Lincare Inc. & Alpha Respiratory Inc. - In Litigation
U.S. District Court eastern District of California, Case No. 2:15-cv-00081-GEB-CMK
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cunningham v. Leslie's Poolmart, Inc. – In Litigation
U.S. District Court, Central District of California, Case No. 13-cv-02122-CAS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Quintilone & Associates

Curry v. California Testing Bureau/McGraw Hill - Dismissal Affirmed on Appeal
United States Court of Appeals for the Ninth Circuit
U.S. District Court, Northern District of California, Case No. C-05-4003 JW
Nature of Case: ERISA Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Danford v. Movo Media - Settled

San Diego Superior Court
Nature of Case: Unfair Business Practices-Unlawful Violation of Unruh Civil Rights Act
Plaintiff's Counsel: Blumenthal & Nordrehaug

Daniels, et al. v. Philip Morris,(In Re Tobacco Cases II) – Class Certification Granted, Review before the California Supreme Court Affirmed Preemption
San Diego Superior Court, Case No. JCCP 4042
Nature of Case: Unfair Business Practices-Unlawful, Deceptive and Unfair Marketing of Cigarettes to Children
Plaintiff's Counsel: Blumenthal & Nordrehaug; Thorsnes, Bartolotta & Mcguire; Chavez & Gertler

Davis v. Genex Holdings Inc. - Settled
Santa Clara County Superior Court, Case No. 1-13-cv-240830
Nature of Case: Employee Misclassification, Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Davis v. Clear Connection, LLC - In Litigation
San Diego County Superior Court, Case No. 37-2014-00035173-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; JCL Law Firm

Day v. WDC Exploration - Settled
Orange County Superior Court, Case No. 30-2010-00433770
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dedrick v. Hollandia Diary - In Litigation
San Diego County Superior Court, Case No. 37-2014-00004311-Cu-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Delmare v. Sungard Higher Education - Settled
U.S. District Court, Southern District of California, Case No. 07-cv-1801
Nature of Case: Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Del Rio v. Tumi Stores, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00022008-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dewane v. Prudential - Settled
U.S. District Court, Central District of California, Case No. SA CV 05-1031
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Wynne Law Firm; Thierman Law Firm P.C.

Diesel v. Wells Fargo Bank - Settled
Orange County Superior Court, Case No. 30-2011-00441368
Nature of Case: Misclassification, Overtime, Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dirienzo v. Dunbar Armored - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-2745
Nature of Case: Expense Reimbursement under Labor Code 2802, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Dobrosky v.Arthur J. Gallagher Service Company, LLC – Class certification Granted, In Litigation
U.S. District Court, Central district of California, Case No. EDCV-13-0646-JGB
Nature of Case: Employee Misclassification;Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dodds v. Zaven Tootikian – Settled
Lo Angeles County Superior Court, Case No. BC494402
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dorr v. PICO Enterprises, Inc. & Charles E. Phyle - In Litigation
Alameda County Superior Court, Case No. RG15772362
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Downtown Inns v. Pac Bell - Settled
California Public Utilities Commission
Nature of Case: Illegal Charge
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill

Drumheller v. Radioshack Corporation - Settled
United States District Court, Central District of California, Case No. SACV11-355
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Enger v. Kaiser Foundation Health Plan - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-1670
Nature of Case: Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Escobar v. Silicon Valley Security & Patrol, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv272514
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Fallah v. Cingular Wireless - Settled
Orange County Superior Court / U.S. District Court, Central District of California
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal & Nordrehaug

Fierro v. Chase Manhattan - Class Certification Granted, Settled
San Diego Superior Court, Case No. GIN033490

Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Figueroa v. Circle K Stores, Inc. - Settled
San Diego County Superior Court, Case No. 37-2012-00101193-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Finch v. Lamps Plus, (Lamps Plus Credit Transaction Cases) - Settled
San Diego Superior Court, Case No. JCCP 4532
Nature of Case: Unfair Competition, Violation of Civil Code 1747.08
Plaintiff's Counsel: Blumenthal & Nordrehaug

Fletcher v. Verizon - Settled
U.S. District Court, Southern District of California, Case No.  09-cv-1736
Nature of Case: Employee Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Francisco v. Diebold- Settled
U.S. District Court, Southern District of California, Case No.  09-cv-1889
Nature of Case: Employee Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Friend v. Wellpoint - Settled
Los Angeles Superior Court, Case No. BC345147
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Frudakis v. Merck Sharp & Dohme
U.S. District Court, Central District California, Case No. SACV 11-00146
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Fulcher v. Olan Mills, Inc. - Settled
U.S. District Court, Northern District of California, Case No.  11-cv-1821
Nature of Case: Employee Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gabisan v. Pelican Products - Settled
U.S. District Court, Southern District California, Case No. 08 cv 1361
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Galindo v. Sunrun Installation Services Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00008350-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gallagher v. Legacy Partners Commercial - Settled
Santa Clara County Superior Court, Case No. 112-cv-221688
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gallardo  v. AIG Domestic Claims, Inc. – In Litigation, On Appeal
United states District Court, Central District of California; U.S. Court of Appeals 9th Circuit
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gauthier v. Apple, Inc. – In Litigation
Santa Clara County Superior Court, case No. 1-13-cv-254557
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ghattas v. Footlocker Retail, Inc. – Settled
U.S. District Court Central District of California, Case No. CV 13-0001678 PA
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gibson v. World Savings - Judgment for Class after Appeal - Settled
Orange County Superior Court, Case No. 762321
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Gill v. Parabody, Inc. - Settled
San Diego Superior Court
Nature of Case: Product Defect
Plaintiff's Counsel: Blumenthal & Nordrehaug

Goerzen v. Interstate Realty Management, Co. - Settled
Stanislaus County Superior Court, Case No. 679545
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gomez v. Enterprise Rent-A-Car - Settled
U.S. District Court, Southern District of California, Case No. 3:10-cv-02373
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gordon v. Wells Fargo Bank - Settled
U.S. District Court, Southern District of California, Case No. 3:11-cv-00090
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Goodman v. Platinum - In Litigation
U.S. District Court, District of Nevada, Case No. 09-cv-00957
Nature of Case: Violation of Nevada and Federal law in the sale of Condo/Hotel units, ILSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates

Grabowski v. CH Robinson - Settled
U.S. District Court, Southern District of California, Case No. 10-cv-1658
Nature of Case: Employee Misclassification; Overtime, Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Greer v. Fleet Mortgage - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Bank Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Gross v. ACS Compiq Corporation - Settled
Orange County Superior Court, Case No. 30-2012-00587846-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gripenstraw v. Buffalo Wild Wings - Settled
U.S. District Court, Eastern District of California, Case No. 12-CV-00233
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gruender v. First American Title - Settled
Orange County Superior Court, Case No. 06 CC 00197
Nature of Case: Title Officer Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group;
Wagner & Jones; Cornwell & Sample

Guillen v. Univision Television Group, Inc. & Univision Management Co. - In Litigation
San Francisco County Superior Court, Case No. CGC-12-526445
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gujjar v. Consultancy Services Limited - Settled
Orange County Superior Court, Case No. 30-2010-00365905
Nature of Case: IT Analyst Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Gutierrez v. Five Guys Operations, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00086185-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hahn v. Circuit City – Settled
San Diego Superior Court; U.S. District Court, Southern District of California
Nature of Case: Unfair Business Practices, Failure to Pay Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Hanby v. Elite Show Services, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00007372-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Handler v. Oppenheimer
Los Angeles Superior Court, Civil Action No. BC343542
Nature of Case: Labor Code Violations

Plaintiff's Counsel: Blumenthal & Nordrehaug; Perona, Langer, Beck, Lallande and Serbin

Harley v. Tavistock Freebirds, LLC - In Litigation
Sacramento County Superior Court, Case No. 34-2014-00173010
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Harrington  v. Corinthian Colleges – Class Certification Granted, In Litigation
Orange Superior Court; United States Bankruptcy Court District of Delaware
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug, Bhowmik; Righetti Glugoski, P.C.

Harvey  v. PQ Operations, Inc.  – In Litigation
Los Angles County Superior Court, Case No. BC497964
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Henshaw v. Home Depot U.S.A.  - Settled
United States District Court, Central District of California, Case No. SACV10-01392
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Heithold v. United Education Institute – In Litigation
Orange County Superior Court, Case No. 30-2013-00623416-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hibler v. Coca Cola Bottling - Settled
U.S. District Court, Southern District of California, Case No. 11cv0298
Nature of Case: Employee Misclassification,Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Higgins v. Maryland Casualty - Settled
San Diego County Superior Court
Nature of Case: Unfair Business Practices-Deceptive Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Hildebrandt v. TWC Administration LLC & Time Warner NY Cable, LLC - In Litigation
U.S. District Court, Central District of California, Case No. ED-cv-13-02276-JGB
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; James Hawkins APLC

Hoffman v. National Warranty Insurance - Class Certification Granted, Settled
District Court for the State of Nevada
Nature of Case: Auto Warranty Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Greco, Traficante & Edwards;
Gerard & Associates

Hopkins v. BCI Coca-Cola Bottling Company of Los Angeles – In Litigation, On Appeal

United states District Court, Central District of California; U.S. Court of Appeals 9th Circuit
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Howard v. Southern California Permanente Medical Group - In Litigation
Los Angeles Superior Court, Case No. BC586369
Nature of Case:  Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Hughes v. Parexel International - Settled
Los Angeles County Superior Court, Case No. BC485950
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hurley v. Comcast of California/Colorado/Texas/Washington, Inc. - In Litigation
Sonoma County Superior Court, Case No. SCV-253801
Nature of Case: Unfair Business Practices, Unpaid Commission Wages, Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Irving v. Solarcity Corporation – In Litigation
San Mateo County Superior Court, Case No. CIV525975
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Jacobs v. Nu Horizons - Settled
Santa Clara County Superior Court, Case No. 111cv194797
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Jefferson v. Bottling Group LLC (Pepsi) - Class Certification Granted, Settled
Orange County Superior Court, Case No. 30-2009-00180102
Nature of Case: Supervisor Misclassification, Overtime and Labor Code Violations
Plaintiffs' Counsel:  Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Jones v. E*Trade Mortgage - Settled
U.S. District Court, Southern District California
Case No. 02-CV-1123 L (JAH)
Nature of Case: TILA Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Robert C. Fellmeth, Esq.

Kennedy v. Natural Balance - Dismissal Reversed on Appeal, Settled
U.S. District Court, Southern District California,
Remanded to San Diego Superior Court, Case No. 37-2007-00066201
Nature of Case: Unfair Competition, Deceptive Advertising, Made in the USA violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Keshishzadeh v. Arthur J. Gallagher Service Co. - Class Certification Granted, Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0168
Nature of Case: Claims Representative Misclassification, Overtime and Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

King v. Nordstrom - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Kinney v. AIG Domestic Claims / Chartis - Settled
U.S. District Court, Central District of California, Case No. 8:10-cv-00399
Nature of Case: Claims Representative Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Kizer  v. Tristar Risk Management - In Litigation
Orange County Superior Court, Case No. 30-2014-00707394-CU-OE-CXC
Nature of Case: Employee Misclassification, Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Kleinberg v. Reeve Trucking Company, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00001601-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Kove v. Old Republic Title - Settled
Alameda County Superior Court, Case No. RG09477437
Nature of Case: Unfair Competition, Failure to Pay Commissions
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Krellcom  v. Medley Communications, Inc. - Settled
San Diego County Superior Court, Case No. 37-2013-00050245-CU-OE-CTL
Nature of Case: Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Ladd  v. Extreme Recovery, LP - Settled
Contra Costa County Superior Court, Case No. MSC11-02790
Nature of Case: Unfair Competition, Minimum Wages, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Langille v. EMC - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0168
Nature of Case: Software Engineer Misclassification, FLSA, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Lawson v. Marquee Staffing - In Litigation
Los Angeles County Superior Court, Case No. 37-2012-00103717-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Lazar v. Kaiser Foundation Health Plan, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv-273289

Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lemmons v. Kaiser Foundation Hospitals, Inc.</u> - Settled
Sacramento County Superior Court, Case No. 34-2012-00125488
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Levine v. Groeniger</u> - Settled
Alameda County Superior Court, Case No. RG09476193
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Linder v. OCWEN (In re Owen Federal Bank FSB Servicing Litig.)</u> - Settled
U.S. District Court, Central District California, Case No. 07cv501
U.S. District Court, Northern Dist. Illinois, Case No. MDL 1604
Nature of Case: Lender Placed Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Nicholas & Butler

<u>Litton v. Diebold, Incorporated</u> – In Litigation
San Mateo County Superior Court, Case No. CIV524776
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lohn v. Sodexo, Inc. & SDH Services West, LLC</u>  - In Litigation
U.S. District Court Central District of California, Case No. 2:15-CV-05409
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lopez v. K-Mart</u>
Ventura County Superior Court, Case No. BC351983
Nature of Case: Overtime - Unfair Business Practice
Plaintiff's Counsel: Blumenthal and Nordrehaug; Arias, Ozzello, & Gignac, LLP; United Employees Law Group

<u>Louie / Stringer v. Kaiser</u> - Settled
U.S. District Court, Southern District California, Case No. 08-cv-0795
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Lucero v. Sears</u> - In Litigation
U.S. District Court Southern District of California, Case No. 3:14-cv-01620-AJB
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Morris, Sullivan & Lemkul

<u>Lucero v. Kaiser Foundation Hospitals, Inc.</u> - In Litigation
San Diego County Superior Court, Case No. 37-2013-00075933-CU-OE-CTL
Nature of Case: Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Magallanes v. TSA Stores, Inc.</u> - In Litigation
Santa Clara County Superior Court, Case No. 1-15-cv-283586
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Magana v. El Pollo Loco, Inc.</u> - Settled
Orange County Superior Court, Case No. 30-2012-00613901-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Maitland v. Marriott</u> - Settled
U.S. District Court, Central District California, Case No. SACV 10-00374
Nature of Case: Chef Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Mandell v. Republic Bank</u> - Settled
Los Angeles County Superior Court
Nature of Case: Breach of Fiduciary Duties to IRA Account Holders
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Mann v. NEC Electronics America</u> - Settled
Santa Clara County Superior Court, Case No. 109CV132089
Nature of Case: Meal and Rest Break Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group,
Qualls & Workman

<u>Manzanarez v. Home Savings of America</u> - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Overcharge for Inspection Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Marchese v. Ty, Inc.</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Martinez v. Yahoo, Inc.</u> - Settled
Nature of Case: Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Martinez  v. Hydro-Scape Products, Inc.</u> - In Litigation
San Diego County Superior Court, Case No. 37-2014-00029157-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Mathies v. Union Bank</u> - Class Certification Granted, In Litigation
San Francisco County Superior Court, Case No. CGC-10-498077
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Matloubian v. Home Savings of America</u> - Settled

San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

<u>McDermott v. Catalina Restaurant Group Inc.</u> - Settled
Orange County Superior Court, Case No. 30-2012-00574113-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>McMeans v. ScrippsHealth,</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>McPhail v. First Command</u> - Settled
United States District Court for the Southern District of California
Case No.05CV0179 IEG (JMA)
Nature of Case: Securities Fraud, 10(b)(5) violations
Plaintiff's Counsel: Blumenthal & Nordrehaug appointed Lead Counsel, Greco & Traficante &
Whatley Drake LLC & Gray & White,& Brewer & Carlson, LLP & Franklin & Hance, PSC

<u>Meco v. International Medical Research</u> (and related cases) - Judgment for Class After Trial
Los Angeles Superior Court
Nature of Case: Unfair Competition, Product Adulteration, Illegal Sale of Drugs
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Medina v. Universal Protection Service, LP</u> - In Litigation
Santa Clara County Superior Court, Case No. BC572848
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Meierdiercks v. 8x8, Inc.</u> - Settled
Santa Clara County Superior Court, Case No. 110CV162413
Nature of Case: Sales Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Meyer v. Thinktank Learning, Inc.</u> - In Litigation
Santa Clara County Superior Court, Case No. 1-15-cv-282698
Nature of Case:  Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Morales v. Wells Fargo Insurance Services USA, Inc.</u> - In Litigation
U.S. District Court Northern District of California, Case No. 3:13-cv-03867-EDL
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Moreno v. Garden Fresh Restaurant Corp.</u>- In Litigation
San Diego County Superior Court, Case No. 37-2013-00071988-CU-OE-CTL

Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices

Morse v. Marie Callender Pie Shop - Settled
U.S. District Court, Southern District California, Case No. 09-cv-1305
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Moynihan v. Escalante Golf, Inc. & Troon Golf, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00083250-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik: Butterfield & Schecther, LLP

Muntz v. Lowe's HIW - Settled
San Diego County Superior Court, Case No. GIC880932
Nature of Case: Unfair Competition, Violation of Civil Code 1747.08
Plaintiff's Counsel: Blumenthal & Nordrehaug

Najarian v. Macy's West Stores - Settled
Orange County Superior Court, Case No. 30-2010-00418401
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Nelson v. St. Paul Fire & Marine Insurance - Settled
Brazoria County District Court, Texas
Nature of Case: Deceptive Business Practices in sale of oil & gas reserve insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

Nelson v. Avon Products, Inc. - Class Certification Granted, In Litigation
U.S. District Court, Case No. CV13-02276 EJD
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Nguyen v. Wells Fargo Home Mortgage - Settled
Orange County Superior Court, Case No. 05 CC 00116
Nature of Case: Unfair Business Practices - Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Ochoa v. Eisai, Inc.
U.S. District Court, Northern District California, Case No. 3:11-cv-01349
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ogans v. Nationwide Credit, Inc. - Settled
Sacramento County Superior Court, Case No. 34-2012-00121054
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Olayhon v. Hertz - Settled

United States District Court, Northern District of California, Case No. 11-1662
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Olszewski v. ScrippsHealth - Judgment for Plaintiff, Affirmed by Supreme Court
California Supreme Court Decision in Favor of Plaintiff
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Olvera v. El Pollo Loco, Inc. – In Litigation
Orange County Superior Court, Case No. 30-2014-00707367-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Orozco v. Illinois Tool Works Inc. – In Litigation
U.S. District Court, Eastern District of California, Case No. 14-cv-02113-MCE
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ortega v. Prime Healthcare Paradise Valley, LLC - In Litigation
San Diego County Superior Court, Case No. 37-2014-00011240-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; JCL Law Firm

Owen v. Robinsons May - Dismissed
Los Angeles County Superior Court, Case No. BC355629
Nature of Case: Failure to Pay Earned Vacation, Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group; Clark & Markham

Patel v. Nike Retail Services, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 3:14-cv-04781-RS
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lawyers For Justice, PC

Patelski v. The Boeing Company – Settled
United States District Court, Southern District of New York;
transferred to United States District Court, Eastern District of Missouri
Nature of Case: Refund Action
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Sigman, Lewis & Feinberg, P.C.

Pearlman v. Bank of America - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Perry v. AT&T - Settled
U.S. District Court, Northern District California, Case No. 11-cv 01488
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations

Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Picus v. Wal-Mart Stores</u> - Settled
U.S. District Court, District of Nevada
Case No. 2:07-CV-00682
Nature of Case: Deceptive Advertising, Made in the USA violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, Gerard & Associates

<u>Pittard v. Salus Homecare</u> - Settled
U.S. District Court, Southern District California, Case No. 08 cv 1398
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Port v. Southern California Permanente Medical Group</u> - Settled
San Diego County Superior Court, Case No. 37-2007-00067538
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Postema v. Lawyers Title Ins. Corp.</u>  - Settled
Orange County Superior Court, Case No. 30-2010-00418901
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

<u>Pratt v. Verizon</u> - Settled
Orange County Superior Court, Case No. 30-2010-00430447
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Proctor v. Ameriquest</u> - Settled
Orange County Superior Court, Case No.  06CC00108
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group, Clark & Markham

<u>Ralphs v. Blockbuster, Inc.</u> – Settled
San Diego Superior Court
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris & Associates, Pettersen & Bark

<u>Ramirez v. Estenson Logistics, LLC</u> - In Litigation
Orange County Superior Court, Case No. 30-2015-00803197-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Ramos v. Countrywide</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Chavez & Gertler

<u>Rangel v. Balboa Ambulance</u> - Class Certification Granted, Settled
San Diego County Superior Court, Case No.

Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

Ray v. Lawyers Title, Fidelity National, Commonwealth Land Title, Chicago Title - Settled
Orange County Superior Court, Case No. 30-2010-00359306
Nature of Case: Failure to Pay Severance Wages
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

Redin v. Sterling Trust - Settled
Los Angeles Superior Court
Nature of Case: Breach of Fiduciary Duties of IRA Administrator
Plaintiff's Counsel: Blumenthal & Nordrehaug

Renazco v. Unisys Technical Services, L.L.C. - In Litigation
San Francisco County Superior Court, Case No. CGC-14-539667
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Reynolds v. Marlboro/Philip Morris U.S.A. - Reversed on Appeal
United States Court of Appeals for the Ninth Circuit, Case No. 08-55114
U.S. District Court, Southern District of California, Case No. 05 CV 1876 JAH
Nature of Case: Unfair Competition, Violation of Civil Code §1749.5
Plaintiff's Counsel: Blumenthal & Nordrehaug

Rezec v. Sony – Settled
San Diego Superior Court
Nature of Case: Fraudulent Advertising
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Prongay & Borderud; The Cifarelli Law Firm

Rix v. Lockheed Martin Corporation - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-2063
Nature of Case: Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Rieve v. Coventry Health Care - Settled
U.S. District Court, Central District of California, Case No. 11-CV-01032
Nature of Case: Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ritchie v. Mauran Ambulance Services, Inc. - Settled
Los Angeles County, Case No. BC491206
Nature of Case: Unfair business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; David Pourati, A Professional Corporation

Rivers v. Veolia Transportation Services - In Litigation
Sonoma County Superior Court, Case No. SCV 255350
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Roeh v. JK Hill - Settled
San Diego Superior Court, Case No. 37-2011-00089046
Nature of Case: Unfair Competition, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Rocheford v. SC&E Administrative Service - Settled
Orange County Superior Court
Nature of Case: Auto Warranty Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Greco, Traficante & Edwards;
Gerard, Osuch & Cisneros, LLP

Rodriguez v. Protransport-1, LLC - Settled
San Francisco County Superior Court, Case No. CGC-12-522733
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Romero v. Central Payment Co., LLC - Settled
Marin  County Superior Court, Case No. CIV 1106277
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Salas v. Evolution Hospitality, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00083240-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Salem v. Alliance Human Services, Inc. - In Litigation
San Diego County Superior Court, Case No. CIVRS1401129
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sanchez  v. Beena Beauty Holding, Inc. d/b/a Planet Beauty - In Litigation
Los Angeles County Superior Court, BC566065
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Santone v. AT&T – Settled
United states District Court, Southern District of Alabama
Nature of Case: Unconscionable Business Practices
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris & Associates

Santos v. Sleep Train (Sleep Train Wage and Hour Cases) - Settled
Orange County Superior Court, Case No. 30-2008-00214586
San Francisco County Superior Court, Case No. JCCP 4553
Nature of Case: Commission Sales Employee Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Saravia v. O.C. Communciations - In Litigation
Scarmaento County Superior Court, Case No.
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sawyer v. Vivint, Inc. – In Litigation
U.S. District Court, Northern District of Illinois, Case No. 1:14-cv-08959
Nature of Case: Overtime, Illinois Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark King, Esq.

Sayaman v. Baxter Healthcare - Settled
U.S. District Court, Central District of California, Case No. CV 10-1040
Nature of Case: Lab Technician Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Schuler v. Ecolab, Inc. - In Litigation
U.S. District Court, Southern District of California, Case No. 3:10-cv-02255
Nature of Case: Overtime and Labor Code Violations, Expense Reimbursement
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Schulz v. Qualxserv, LLC / Worldwide Techservices - Class Certification Granted, Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0017
Nature of Case: Overtime and Labor Code Violations, Expense Reimbursement
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Krutcik& Georggin; United
Employees Law Group

Scott v. Blockbuster, Inc. – Settled
Count of Appeals, Ninth District of Texas, Beaumont, Texas
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Brothers & Thomas, LLP, Vaughan O. Stewart

Serrato v. Sociedad Textil Lonia, Corp.  - Settled
San Diego County Superior Court, Case No. 37-2012-00101195-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Shrivastara v. Fry's Electonics - Settled
Santa Clara County Superior Court, Case No. 111cv192189
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sierra v. Oakley Sales Corp. - In Litigation, On Appeal
Orange County Superior Court, U.S. District Court Central District of California;  U.S. Court of
Appeals 9th Circuit
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin, Case No. 95CV726J
Nature of Case: Fraudulent Stock Buy Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Milberg, Weiss, Bershad, Hynes
& Lerach; Nowlan & Mouat

Skillett v. FPI Management, Inc. - In Litigation

Sacramento County Superior Court, Case No. 34-2014-00173218
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Small v. Kaiser Foundation Hospitals</u> - Settled
San Diego County Superior Court, Case No. 37-2011-00099011-CU-OE-CTL
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Smith v. Kaiser Foundation Hospitals</u> - Settled
U.S. District Court, Southern District of California, Case No. 08-cv-02353
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Smith v. Fedex Ground Package system, Inc.</u> - In Litigation
Alameda County Superior Court, Case No. RG14734322
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik
<u>Sones v. World Savings / Wachovia</u> - Settled
U.S. District Court, Norther District of California, Case No. 3:08-cv-04811
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Spradlin v. Trump</u> - In Litigation
U.S. District Court, District of Nevada, Case No. 2:08-cv-01428
Nature of Case: Securities Violations and Fraud in the sale of Condo/Hotel Units, ILSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates; Burton Wiand, Esq.; Beck & Lee

<u>Steele v. Kaiser Foundation Health Plan</u> - Settled
U.S. District Court, Northern District of California, Case No. 07-5743
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Steffan v. Fry's Electronics, Inc.</u> - In Litigation
Santa Clara County Superior Court, Case No. 1-13-CV-254011
Nature of Case: Employee MisclasificationUnfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; David Pourati, A Professional Corporation

<u>Steroid Hormone Product Cases</u> - Decision on Appeal in Favor of Plaintiff, Settled
Los Angeles Superior Court, JCCP4363
Nature of Case: Unfair Competition - Sale of Illegal Products
Plaintiff's Counsel: Blumenthal & Nordrehaug; Clark & Markham; Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.

<u>Stevens v. Robinsons-May</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Strauss v. Bayer Corporation – Settled
United States District Court, District of Minnesota
Nature of Case: Baycol Products Liaibility Litigation
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Fleishman & Fisher

Sustersic v. International Paper Co. - Settled
Orange County Superior Court, Case No. 30-2009-00331538
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Law Offices of William H. Steiner

Sutton v. Seasons Hospice & Palliative Care of California, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC590870
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Swartout v. First Alarm Security & Patrol, Inc. - Settled
Santa Clara County Superior Court, Case No. 112-cv-231989
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Talamantez v. The Wellpoint Companies, Inc. - Settled
U.S. District Court, Central District of California, Case No. 12-cv-08058
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Tan v. California State Automobile Assn. - Class Certification Granted, Settled
U.S. District Court, Central District California, Case No. 07cv1011
Orange County Superior Court, Case No. 30-2008-00231219
Nature of Case: IT Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik, United Employees Law Group

Tauber v. Alaska Airlines, et al. - Settled
Los Angeles Superior Court
Nature of Case: Unfair Business Practice - Employment Practices, Violation of Labor Code 450
Plaintiff's Counsel: Blumenthal & Nordrehaug

Thai v. Staff Assistance, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC567943
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Thomas  v. Stanford Health Care d/b/a Stanford University Medical Center - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv-273362
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Thomas-Byass  v. Michael Kors Stores (California), Inc. - In Litigation
U.S. District Court Central District of California, Case No. 5:15-cv-00369-JGB
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Trujillo v. LivHome</u> - Settled
Orange County Superior Court, Case No. 30-2008-00100372
San Diego County Superior Court, Case No. JCCP4570
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik; United Employees Law Group

<u>Tull v. Stewart Title</u> - Settled
U.S. District Court, Southern District California, Case No. 08-CV-1095
Nature of Case: Title Officer and Escrow Officer Misclassification, FLSA, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

<u>Turner v. C.R. England</u> - In Litigation
U.S. District Court Central District of California, Case No. 5:14-cv-02207-PSG
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Turner v. Ampac Fine Chemicals, LLC</u> - In Litigation
Sacramento County Superior Court, Case No. 34-2015-00176993
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Valadez v. Schering-Plough</u> - Dismissed
U.S. District Court, Southern District California, Case No. 10-CV-2595
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Van Gorp v. Ameriquest Mortgage/Deutsche Bank</u> - Settled
U.S. District Court, Central District of California, Case No. SACV05-907 CJC (ANx)
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

<u>Varela v. The Walking Company</u> - In Litigation
Los Angeles County Superior Court, Case No. BC562520
Nature of Case: Unfair Business practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Veloz v. Ross Dress For Less, Inc.</u> - In Litigation
Los Angeles County Superior Court, Case No. BC485949
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

<u>Vogel v. Price-Simms, Inc.</u> - In Litigation
Santa Clara County Superior Court, Case No. 114CV261268
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik; Webb & Bordson, APC

<u>Vrab v. DNC Parks & Resorts at Tenaya, Inc.</u> - Settled
Mariposa County Superior Court, Case No. 0010225

Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

<u>Vultaggio-Kish v. Golden State Lumber, Inc.</u> - Settled
San Mateo County Superior Court, Case No. CIV 516631
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Law Offices of Dan Price

<u>Wadhwa v. Escrow Plus</u> - Settled
Los Angeles Superior Court
Nature of Case: Investment Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Waldhart v. Mastec North Amercia, Inc.</u> - In Litigation
San Bernardino County Superior Court, Case No. CIVDS1419318
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Walker v. Brink's Global Services USA, Inc. & Brinks Incorporated</u> - In Litigation
Los Angeles County Superior Court, Case No. BC564369
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Walsh v. Apple, Inc.</u> - Settled
U.S. District Court, Northern District California, Case No. 08-04918
Nature of Case: Computer Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Webb v. Sodexo, Inc. & SDH Services West, LLC</u>  - In Litigation
San Joaquin County Superior Court, Case No. 39-2015-00324813-CU-OE-STK
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Weinman v. Midbar Condo Development (Las Vegas One)</u> - Settled
U.S. District Court, District of Nevada, Case No. 2:08-cv-00684
Nature of Case: Fraud in the sale of Condo/Hotel Units, ILSA
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates

<u>Weltman v. Ortho Mattress</u>  - Class Certification Granted, Settled
U.S. District Court, Southern District California, Case No. 08-cv-0840
Orange County Superior Court, Case No. 30-2009-00327802
Nature of Case: Sales Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>West v. Jerome's Furniture Warehouse</u> - Settled
Sacramento County Superior Court, Case No. 34-2013-00147707-CU-OE-GDS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Wheat v. Jerome's Furniture Warehouse</u> - Settled
San Diego County Superior Court, Case No. 37-2012-00094419-CU-OE-CTL

Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Wietzke v. Costar Realty - Settled
U.S. District Court, Southern District California, Case No. 09-cv-2743
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Williams v. Lockheed Martin Corporation - Settled
U.S. District Court, Southern District California, Case No. 3:09-cv-01669
Nature of Case: Computer Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Wilson v. Wal-Mart Associates, Inc.   - In Litigation
U.S. District Court Central District of California, Case No. 8:14-cv-1021-FMO
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Winston v. Lemore Transportation, Inc. - In Litigation
Contra Costa County Superior Court, Case No. C-15-00897
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Wise v. Cubic - Settled
U.S. District Court, Southern District California, Case No. 08-cv-2315
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Witman v. Level 3 Communications - Settled
San Diego County Superior Court, Case No. 37-2012-00091649-CU-OE-CTL
Nature of Case: Unpaid Commissions and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Yam v. Kaiser Foundation Hospitals - Settled
U.S. District Court, Northern District California, Case No. 10-cv-05225-SBA
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Zugich v. Wells Fargo Bank - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Zurlo v. Mission Linen - Settled
U.S. District Court, Central District, Case No. 08cv1326
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug

**CO-COUNSEL - Class Actions**

<u>Baxt v. Scor U.S.</u> - Settled
Delaware Court of Chancery
Nature of Case: Takeover
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Rosenthal, Monhait, Gross & Goddess, P.A.

<u>Bronson v. Blech Securities</u> - Settled
U.S. District Court, Southern District of New York
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg; Weiss, Bershad, Hynes & Lerach;
Kaplan, Kilsheimer & Fox; Berstein, Liebhard & Lifshitz; Berstein & Ostraff; Law Office of
Dennis J. Johnson; John T. Maher; Sullivan Hill; Weil, Gotshal & Manges; Paul, Hastings,
Janofsky & Walker; Andrews & Kurth; Paul, Weiss, Rifkind, Wharton & Garrison; Wolff &
Samson; Heller, Horowitz & Feit, P.C.; Shereff, Friedman, Hoffman & Goodman, LLP;
Debevoise & Plimpton; Smith, Campbell, Paduano; Thelen, Marrin, Johnson & Bridges; The
Offices of Robert Swetnick; Crummy Del Deo; Robinson, Silverman, Pearce, Aronsohn &
Berman; Buchanan Ingersoll, P.C.; Morgan, Lewis & Bockius, Schwartz, Kelm, Warren &
Ramirez; Porter & Hedges, L.L.P.; MicroProbe Corp.; NeoRX Corp.; Solomon, Zauderer,
Ellenhorn, Frischer & Sharp;

<u>Castro & Cardwell  v. B & H Education, Inc.</u> - Settled
Los Angeles Superior Court Case No. BC456198
Nature of Case: Overtime and Labor Code Violations; Unfair Competition
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Aequitas Law Group

<u>Caushon v. General Motors Corp.</u> - Settled
In re Automobile Antitrust Cases
San Diego Superior Court, coordinated in San Francisco
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug

<u>Dibella v. Olympic Financial</u> - Settled
U.S. District Court, District of Minnesota
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Doyle v. Lorna Jane USA, Inc.</u> – Settled
Los Angles County Superior Court, Case No. BC526837
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lipow & Harris

<u>Estrella  v. B-Per Electronic, Inc. & My Wireless, Inc.</u> - Settled
San Diego County Superior Court, Case No. 37-2013-00048951-CU-OE-CTL
Nature of Case: Unfair Competition, Minimum Wages, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices, APC

<u>Ferrari v. Read-Rite</u> - Settled
U. S. District Court, Northern District of California
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Forever 21 Wage and Hour Cases - Settled
San Diego County Superior Court, JCC Proceeding No. 4745
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Norton & Melnik; Kitchin Legal;
The Buxner Law Firm; Miller & Ayala, LLP; Webb & Bordson, APC; Law Office of Jennifer
Hart; Olsen Law Offices, APC

Hart v. United States Tobacco Co. - Settled
Los Angeles Superior Court
Coordinated in Smokeless Tobacco Litigation
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug; the Cuneo Law Group P.C.; Gordon Ball

In re Bank of America Wage and Hour Employment Practices Litigation - Settled
U.S. District Court, District of Kansas, Case No. MDL 2138
Nature of Case: Employment Claims under FLSA and California Labor Code
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Marlin & Saltzman; Stueve Siegel
Hanson; United Employees Law Group

In re Walgreen Co. Wage and Hour Litigation - Settled
U.S. District Court, Central District of California, Case No. 11-cv-07664
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Co-Counsel:  Blumenthal, Nordrehaug & Bhowmik; Scott Cole & Associates; Marlin
& Saltzman; Malk law Firm; Ackermann & Tilajef; Marcarian Law Firm; Aiman-Smith and
Marcy; Orshansky and Yeremian LLP, Aequitas Law Group APLC

Jackson v. Fresh & Easy Neighborhood Market Inc. – Settled
Los Angeles County Superior Court, Case No. BC497964; U.S. Bankruptcy Court District of
Delaware Case No. 13-12569 (KJC)
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Carter Law Firm; The Cooper
Law Firm; Aegis Law Firm, PC; Jose Gray, APLC

Jordan/Ramos v. DMV - Judgment for Plaintiff, Affirmed on appeal
Superior Court, Sacramento
Nature of Case: Commerce Clause Violation - Tax declared unconstitutional -
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach;
Weiss & Yourman; Sullivan Hill.

Kensington Capital v. Oakley - Settled
U. S. District Court, Southern District of California
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Kensington Capital v. Vesta - Settled
U. S. District Court, Northern District of Alabama
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Lopez v. Tire centers, LLC - Settled

U.S. District Court Northern District of California, Case No. 3:13-cv-05444-JCS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices, APC

Manaster v. SureBeam - Settled
United States District Court
Nature of Case: Violation of Securities Act
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg Weiss Bershad Hynes & Lerach

Miller v. Western Athletic Clubs, LLC - Settled
Santa Clara County Superior Court, Case No. 112-cv-228670
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Rukin Hyland Doria & Tindall LLP;
Velton Zegelman P.C.

Moffett v. WIS International - Settled
San Diego County Superior Court, Case No. 37-2011-00099909-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Emge & Associates; Law Office of
David A. Huch

Perez v. Urban Oufitters, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 13-cv-02628-JSW
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Capstone Law APC

Ridgewood Capital Management v. Gensia - Settled
U.S. District Court, Southern District of California, #CV-92-1500H
Plaintiffs' Counsel: Barrack, Rodos & Bacine; Kaplan, Kilsheimer & Fox; Wolf, Popper, Ross,
Wolf & Jones; Law Offices of Joseph H. Weiss; Kaufman, Malchman, Kaufman & Kirby;
Sullivan Hill; Blumenthal & Nordrehaug

Sandoval v. Redfin Corporation  - In Litigation
U.S. District Court Northern District, Case No. 3:14-cv-04444-SC
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Khoury, Cohelan & Singer

Shurman v. Scimed - Settled
State of Minnesota District Court, Fourth District, #94-17640
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach;
Kaplan, Kilsheimer & Fox; Sullivan Hill; Law Offices of Lawrence G. Soicher

Sioson v. AMP Holding, Inc. - Settled
Orange County Superior Court, Case No. 30-2013-00663825
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Olsen Law Offices

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin
Nature of Case: Fraudulent Stock Buy-Back-Derivative Claim

Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

<u>Slatton v. G.E. Capital Mortgage Services</u> - Settled
Camden County Superior Court, New Jersey, #CAML0256198
Nature of Case: Forced order insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Somkin v. Molten Metal</u> - Settled
U.S. District Court, District of Massachusetts, #9710325PBS
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Sparks v AT&T</u> - Settled
Illinois District Court - Madison County
Deceptive Practice claim - Leased consumer telephone equipment
Plaintiff's counsel - Carr Korein Tillery; Blumenthal & Nordrehaug; Whatley Drake

<u>Sullivan v. Lyon Management Group</u> - Settled
Orange County Superior Court, Case No. 30-2013-00649432-CU-BT-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Webb & Bordson, APC

C:\Users\kyle.BAN\Desktop\BNB Resume (June 2016).wpd

**<u>EXHIBIT #3</u>**

10/31/2016                                Cost Ledger for file CA1034.001                                Page 1

| S | Date | T | Ref | Atty | Code | Amount | Inv Date | Inv # | Amt Billed | Paid | Credit | Balance | Description |
|---|------|---|-----|------|------|--------|----------|-------|------------|------|--------|---------|-------------|
| | 02/01/16 | C | 813 | | | 1435.00 | | | | | | 1435.00 | Filing fee. |
| | 02/29/16 | C | | | 63 | 54.75 | | | | | | 54.75 | MESSENGER - KNOX |
| | 04/30/16 | C | | | 63 | 74.75 | | | | | | 74.75 | MESSENGER - KNOX |
| | 05/02/16 | C | | | 61 | 23.00 | | | | | | 23.00 | Lexis Nexis |
| | 05/31/16 | C | | | 63 | 187.95 | | | | | | 187.95 | MESSENGER - KNOX |
| | 06/01/16 | C | | | 61 | 393.00 | | | | | | 393.00 | Lexis Nexis |
| | 06/30/16 | C | | | 63 | 187.95 | | | | | | 187.95 | MESSENGER - KNOX |
| | 07/01/16 | C | | | | 116.00 | | | | | | 116.00 | Courtcall. |
| | 07/22/16 | C | | | 64 | 21.82 | | | | | | 21.82 | Federal Express |
| | 07/31/16 | C | | | 63 | 100.55 | | | | | | 100.55 | MESSENGER - KNOX |
| | 08/05/16 | C | | | 75 | 225.00 | | | | | | 225.00 | Expert witness and consultants - DM&A. |
| | 08/24/16 | C | | | | 5500.00 | | | | | | 5500.00 | Mediation fees - Kyriacou. |
| | 08/31/16 | C | | | 63 | 100.55 | | | | | | 100.55 | MESSENGER - KNOX |
| | 09/01/16 | C | 873 | | | 250.00 | | | | | | 250.00 | Court filing fee -pro hac vice. |
| | 09/03/16 | C | | | 61 | 854.00 | | | | | | 854.00 | Lexis Nexis |
| | 09/07/16 | C | | | 75 | 3000.00 | | | | | | 3000.00 | Expert witness and consultants -DM&A |
| | 09/09/16 | C | | | 64 | 33.70 | | | | | | 33.70 | Federal Express |
| | 09/19/16 | C | | | | 143.00 | | | | | | 143.00 | Strindberg & Scholnick - pro hac vice consulting. |
| | 09/30/16 | C | | | | 12.00 | | | | | | 12.00 | Pacer fee. |
| | 10/04/16 | C | | | 61 | 991.00 | | | | | | 991.00 | Lexis Nexis. |
| TOTAL | | | | | | 13704.02 | | | 0.00 | 0.00 | 0.00 | 13704.02 | |