IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.R. ENGLAND, INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-906-DB<br><br>District Judge Dee Benson |

Before the court is Plaintiffs' Motion for Final Approval of Class Settlement (Dkt. No. 34), Plaintiffs' Motion for Attorney Fees (Dkt. No. 33), two motions to intervene (Dkt. Nos. 35 and 41), and Objections to the proposed class settlement. (Dkt. No. 37.) The court held a hearing on the motions on November 29, 2016. At the hearing, Plaintiffs were represented by Kyle Nordrehaug and Lauren Scholnick. Defendant was represented by Scott Hagen and Drew Hansen. Proposed Intervenors Gradie, et al. ("Gradie Group") were represented by Brian Van Vleck. Proposed Intervenor Adonne Woods ("Woods") was represented by Christopher Hill and Nicholas Scardigli. At the conclusion of the hearing, the court took the motions under advisement and imposed an accelerated briefing schedule for the remaining briefs. Now being fully advised, the court renders the following Memorandum Decision and Order.

Background

This is a wage and hour class action, with a proposed class of all current and former truck drivers employed by Defendant in the State of California, for the period beginning on March 12, 2014, through the Preliminary Approval Date. (Dkt. No. 27-1.)  In their Second Amended Complaint, Plaintiffs have alleged, among other things, the following claims against Defendant: (1) Unfair competition in violation of California Business & Professions Code §§ 17200 et seq.; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (3) failure to pay regular wages, straight time wages, and overtime wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (4) failure to provide accurate itemized wage statements; (5) failure to maintain copies of accurate itemized wage statements; (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) unlawful deductions in violation of the California Labor Code; (8) failure to provide meal periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (9) failure to provide rest periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (10) failure to timely pay wages due in violation of California Labor Code §§ 201-203 *et seq.*; (11) failure to pay all wages owed on regularly scheduled paydays in violation of California Labor Code §§ 204 *et seq.*; (12) misrepresentation in violation of California Labor Code §§ 970 through 972 *et seq.*; (13) usury, and; (14) failure to comply with the Private Attorneys' General Act of 2004 (i.e., California Labor Code § 2698 *et seq.*).

The court granted Plaintiffs' Motion for Preliminary Approval of Class Settlement on October 6, 2016. (Dkt. No. 29.) Plaintiffs filed their Motion for Final Approval of Class

Settlement on November 1, 2016. (Dkt. No. 34.) A flurry of activity followed—Woods and the Gradie Group each filed a Motion to Intervene (Dkt. Nos. 35 and 41), and the Gradie Group filed Objections to Plaintiffs' Motion for Final Approval. (Dkt. No. 37.)

Motions to Intervene

"[A]n applicant may intervene as a matter of right if: (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. V. BP Am. Prod. Co.* 407 F.3d 1091, 1103 (10th Cir. 2005); F.R.C.P. 24(a). On timely motion, a court may grant permissive intervention where an intervenor "has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P. 24(b).

An untimely application for intervention "must be denied" under either standard. *See Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). The timeliness of a motion to intervene is determined "in light of all of the circumstances." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (citing *Sanguine, Ltd. v. U.S. Dep't of Interior,* 736 F.2d 1416, 1418 (10th Cir.1984)). The Tenth Circuit has recognized three factors as particularly important to the timeliness inquiry: "(1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Id.* The court should also consider "the existence of any unusual circumstances." *Id.*

*Woods Motion to Intervene*

Woods' Motion to Intervene fails to meet the requirements of intervention as of right or permissive intervention. First, Woods' Motion is not timely. Woods filed her Motion to Intervene on November 21, 2016 (Dkt. No. 41), more than six weeks after the court's October 6th Order granting Motion for Preliminary Approval of Class Settlement (Dkt. No. 29), and approximately one week before the hearing on Plaintiffs' Motion for Final Approval of Class Settlement held on November 29, 2016. Woods was informed by Defendant of the proposed settlement on September 1, 2016, about two and a half months prior to her objection. (Dkt. 41 at 3:19-22.) Woods had ample time to intervene and failed to do so until the eve of the final approval hearing.

Second, Woods opted out of the proposed class action settlement on November 14, 2016. (Dkt. 59 at 5.) As such, she "lack[s] any personal stake or interest in the settlement." *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 55 F. App'x 498, 501 (10th Cir. 2003).

Finally, Woods does not maintain any right that will be impeded or impaired by the current action. Woods' assertions on behalf of the California Labor and Workforce Development Agency ("LWDA") are adequately represented by Plaintiffs here, who also received authorization to bring those claims on behalf of the LWDA. The PAGA does not require an exclusive proxy, nor does it provide a first-to-file rule. *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1012 (N.D. Cal. 2016). Plaintiffs have considered and allocated an appropriate portion of the proposed settlement to PAGA recovery. (*See* Dkt. 59 at 14-16; Dkt. 61 at 5-7.) As such, Woods' intervention is unnecessary. Woods' Motion to Intervene is denied.

*Gradie Group Motion to Intervene*

The Gradie Group similarly fails to meet the requirements of either intervention as of right or permissive intervention. Like Wood, proposed intervenor William Gradie has opted out of the proposed settlement and, as such, "lack[s] any personal stake or interest in the settlement." *Rutter*, 55 F. App'x at 501. However, proposed intervenors Sang Kim, William Borschowa, Tony Ruiz and Romi Francescu appear not to have opted out of the proposed settlement. But these members of the Gradie Group, like Wood, were aware of the proposed settlement months before attempting to intervene. The Gradie Group then filed for intervention only days before the hearing scheduled for the Motion for Final Approval. The Gradie Group's Motion to Intervene was untimely, and any intervention now would prejudice the Plaintiffs who informed the Gradie Group months ago that the proposed settlement was pending. (*See* Dkt. No. 56 at 2.) Furthermore, the interests of the Gradie Group will not be impeded if they are not permitted to intervene, as they each had an opportunity to object to the settlement or opt out of the class, *see, e.g., Zepeda v Paypal, Inc.*, 2014 WL 1653246 at *6 (N.D. Cal. Apr. 23, 2014), options which each member of the Gradie Group elected. The Gradie Group's Motion to Intervene is denied.

<u>Final Approval of Class Settlement</u>

A court "may approve a settlement…that would bind class members only after a hearing and on finding that the settlement…is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(c). "In assessing whether the settlement is fair, reasonable and adequate the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). Each of these factors is met here.

First, Plaintiffs and Defendant participated in arms-length negotiations, using an experienced mediator of class actions. (Dkt. No. 34 at 18.)  Although the parties did not engage in formal discovery, Plaintiffs had access to sufficient information to determine the potential value and associated risks of their claims, including obtaining assistance from a valuation expert. (Dkt. No. 45 at 4-5.) The court finds no evidence to support the Objectors' allegations of collusion.

Second, the court was presented, both in briefing and oral argument, with serious questions of law and fact, including individual arbitration agreements which on their face bar class litigation, pending legislation that would substantially impact the outcome of the litigation, the safe harbor affirmative defense authorized by California Labor Code 226.2(b), and class certification factual difficulties. (Dkt. No. 45 at 6-7.) The outcome of protracted litigation is far from certain, and both parties face substantial risks.

Third, the value of immediate recovery here is substantial, and the possibility of future recovery for the class is tenuous. As discussed above, Plaintiffs face serious hurdles in prosecuting their claims against Defendant. The proposed settlement provides for a non-reversionary net payment of approximately $1,700,000 to a class of 6,336 truck drivers, or approximately $273 per individual. This settlement is substantially similar to a previously approved class action settlement against Defendant, which asserted (and released) similar claims.

That action, *C.R. England v. Jasper*, U.S. District Court for the Central District of California, Case No. 2:08-cv-05266, resulted in a settlement of approximately $290 per class member. Objectors assert that additional valuable claims are asserted here, and that the class (represented by the same attorneys representing the Objectors here) was faced with additional factual and legal barriers to recovery. The court acknowledges that the cases are not identical, but finds that the risks for Plaintiffs here are substantial, and the parity of this and the *Jasper* settlement is one indication of the reasonableness of the proposed settlement.

Fourth, the parties have asserted, and the court agrees, that the settlement is fair and reasonable under the circumstances. Experienced counsel for both Plaintiffs and Defendant have affirmed that, given the substantial risk and uncertainty of the outcome of the case on liability, class-wide litigation, and certification issues, the proposed settlement is fair and reasonable. The court has reviewed the hypothetical valuations presented by the Objectors and finds that they are unrealistic and highly unlikely to be born out in protracted litigation. As discussed above, given the complexity of the litigation, and uncertain state of the law on a number of issues, the proposed settlement is fair and reasonable.

Finally, the court notes that, although it has considered and addressed the Objections made by the Gradie Group, those Objections were undisputedly untimely under the terms of the proposed settlement. The Class Notice approved by the court stated that "[t]o be valid and effective, any objection to approval of the Settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than November 14, 2016." (Dkt. Nos. 27 and 29.) The Gradie Group did not file its Objections until November 15, 2016. (Dkt. No. 37.) Nevertheless, the court heard argument from the Gradie Group at the November 29th hearing,

has considered each of the arguments made by the Gradie Group, and finds them to be without merit. As such, the Objections are overruled.

Attorney Fees

The Tenth Circuit has articulated several factors for consideration by the district court in awarding attorney fees in a class action settlement: "(1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454–55 (10th Cir. 1988).

Although the time and labor involved in reaching the settlement was minimal, the novelty and difficulty of the questions raised, the skill requisite to perform the services, the reputation and ability of the attorneys, and the amount involved and the results obtained are all substantial. The court affords particular weight to the eighth factor here—the amount involved and the results obtained—because, as in *Brown*, "the recovery was highly contingent and the efforts of counsel were instrumental in realizing recovery on behalf of the class." *Id.* at 456. Furthermore, the requested fee amount of 21.28% is at or below the generally accepted fee range for this type of class settlement. *See, e.g., Brown*, 838 F.2d at 455 & n.2 (providing examples ranging from 22.7% to 33%); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-49 (9th Cir. 2002) (approving 28% attorneys fee award as reflecting "the standard contingency fee for similar cases"). The

court further finds that Plaintiffs' requests for costs and service awards are appropriate. As such, Plaintiffs' request for attorney fees, costs, and service awards is granted.

<u>Conclusion</u>

For the reasons set forth above, and the reasons set forth in the parties' briefing, the Court hereby DENIES both Motions to Intervene, OVERRULES the Objections of the Gradie Group, and GRANTS Plaintiffs' Motion for Final Approval of Class Settlement and Motion for Attorney Fees.

DATED this 12th day of December, 2016.

BY THE COURT:

Dee Benson
United States District Judge